**ELLIOTT v. DISTRICT OF COLUMBIA.**

No. 9245.

United States Court of Appeals
District of Columbia.

Argued Jan. 15, 1947.

Decided March 10, 1947.

Mr. James P. Donovan, of Washington, D. C., for appellant.

Mr. Chester H. Gray, Principal Assistant Corporation Counsel, of Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, and Milton D. Korman, Assistant Corporation Counsel, both of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

PER CURIAM.

Appellant brought this suit against the District of Columbia for personal injuries which were caused by falling into a depressed area beside a public sidewalk in front of 213 E Street Northwest in the District of Columbia. The District Court granted appellee's motion for summary judgment on the ground that appellant was and appellee was not negligent.

According to the testimony the sidewalk was only 7 or 8 feet wide and was bounded on its inner side by a sheer drop of about 11 inches. The adjoining horizontal depression or pit, which was paved, was bounded on its opposite side by the show-window of a lunchroom, on one end by an ascending flight of steps, and on the other end by an unguarded stairwell which led down to the lunchroom entrance. Between 8 and 9 o'clock on a January night appellant, an elderly man, stopped on the sidewalk and looked through the show-window to see whether the lunchroom was then serving food. There was practically no light in the street. The perpendicular drop between the sidewalk and the pit was not protected by a wall, coping, railing, or other device. There was nothing to call attention to it, not even a painted line. In the darkness appellant failed to see the

edge of the sidewalk, stepped on or over it, fell into the pit and then down the stairwell, and was injured.

 As the court recognized it has long been settled that the District of Columbia is under a duty to use reasonable care to keep its streets safe. To us the evidence of failure to do so in this case seems impressive. Whether it is or is not negligent to maintain a sidewalk with an unmarked and unguarded pit at its edge depends, like other questions of negligence, on the circumstances of the particular case. Relevant circumstances may include the purpose if any which the pit serves, the difficulty if any of filling it or guarding the public against it, the width of the sidewalk and the customary amount of travel over it, the character of the lighting at night, and the appearance and use of adjacent buildings. We think the questions of negligence and contributory negligence should have been submitted to the jury. The jury might well have thought this pit neither necessary nor useful, except as it saved the cost of the few yards of concrete that would have been required to fill it. The jury might well have thought that the show-window both invited approach and suggested that there were no pitfalls in the way. It is true that appellee was not responsible for the show-window, but appellee was responsible for the sidewalk in its setting and not in a vacuum. In view of the differences in the circumstances, there is no conflict between this ruling and such cases as Howes v. District of Columbia, 2 App.D.C. 188, on which the District relies.

Reversed.