**DISTRICT OF COLUMBIA, Appellant,**

**v.**

**Jessye M. BARNARD, Appellee.**

**No. 2222.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 4, 1958.

Decided Sept. 3, 1958.

---

Richard W. Barton, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellant.

Patrick J. Ogden, Jr., Washington, D. C., with whom D. Robert Cervera, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

The District of Columbia appeals from a judgment of $10,000 awarded a plaintiff who fell into a manhole. (The action was filed in the United States District Court and by that court certified for trial to the Municipal Court under Code, § 11–756.) Plaintiff had joined as defendants the owners of the property in front of which the manhole was located, and as to them the Municipal Court directed a verdict. The jury's verdict against the District was for $15,000, as to which the court ordered and plaintiff filed a remittitur of $5,000.

■ Our first question is whether the District was entitled to a directed verdict, and this requires some discussion of the evidence. Involved in the injury was a watermeter manhole located in a grassy area or "tree box" between the sidewalk and street in front of an apartment building where plaintiff lived. Plaintiff's fall was sustained two days after a District employee had been there to read the meter, and had removed or lifted the manhole cover and then replaced it. When plaintiff stepped on the cover, which was 24 inches in diameter and weighed some 50 pounds, it tilted beneath her and struck her as she fell into the opening, resulting in rather extensive injuries.

The charge was that the cover was defective and dangerous, and that the District negligently maintained and permitted the defective cover and dangerous condition to exist, despite actual or constructive knowledge thereof.

Fones, the meter reader, testified that when he was at the scene two days before plaintiff's injury, he carefully replaced the manhole cover, tested it with both feet, and left it securely in place. He also testified that he was furnished with a tool with which he was instructed to clean out the rim or frame of the manhole, and that he did not do so on this occasion because it was unnecessary. But he admitted that he had moved or slid the cover only three-fourths of the way off the rim and had not removed it entirely. He also admitted that, as shown by photographs produced by plaintiff, there was, and he had seen, an accumulation of grass and debris around the rim of the manhole. From these photographs, and from other evidence, including a Water Department report, it was shown that the manhole was depressed about three inches below the grade of the surrounding grass or tree space. One witness said this condition had existed for

four or more years. This evidence as to the manhole being below grade was not offered to establish a separate or specific charge of negligence, but to indicate that being in a depression the manhole was likely to accumulate dirt and debris.

We think it unnecessary to elaborate further on the evidence or to recount the denials and explanations of defense witnesses. What we have recited indicates that there was enough evidence to go to the jury on the question as to whether there was a dangerous or defective condition due to improper maintenance by the District. Likewise, the evidence was such as to require submission to the jury on the question of notice, actual or constructive. See District of Columbia v. Woodbury, 136 U. S. 450, 10 S.Ct. 990, 34 L.Ed. 472; Smith v. District of Columbia, 89 U.S.App.D.C. 7, 189 F.2d 671, 39 A.L.R.2d 773.

■ Appellant claims error in the admission of a Water Department report which described a different manhole cover. Plaintiff had subpœnæd records relating to inspection of the manhole here involved in front of 2819 Fourth Street, N. E. The District produced certain records, and while plaintiff's attorney was reading a card which had been handed to him he discovered that it referred to a different manhole in front of *2817* Fourth Street, N. E. He immediately revealed the error at a bench conference and asked permission to explain the mistake to the jury. Counsel for defendants Schneider moved to strike the inapplicable exhibits, counsel for the District joined in the motion, counsel for plaintiff consented, and the court promptly told the jury to disregard the evidence. Appellant says it was so prejudiced by this occurrence that it became entitled to a mistrial. The contention is entirely without merit for five reasons: (1) plaintiff issued a subpœna correctly stating the location of the manhole involved; (2) the District erroneously produced a different, inapplicable record; (3) as soon as plaintiff's counsel discovered the mistake he revealed it to the court; (4) the court promptly struck the exhibits; and (5) it was not until the next day, when counsel for Schneider asked for a mistrial, that the District made the same request. The record shows not the slightest impropriety on the part of plaintiff's counsel and no basis for the claim of prejudicial error.

Appellant says there was error in the jury charge, because the judge described defendant's duty as one to maintain such areas in a safe condition, instead of saying in a "reasonably safe" condition. Some cases have used the latter expression.[1] But others have said merely that the District is under a duty to use reasonable care "to keep its streets safe,"[2] and that the District has the responsibility to see that such areas are kept in a "safe condition for pedestrians."[3]

■■ And it has been held that the expressions "safe" and "reasonably safe" are synonymous and interchangeable.[4] Whether as a matter of semantics this be strictly accurate or not, the real question is whether the charge as a whole was fair and adequate, for it is not to be tested in isolated segments. Reading the charge in its entirety, it is clear that the judge carefully, adequately and correctly instructed the jury that the District is not an insurer of

1. Smith v. District of Columbia, 89 U.S. App.D.C. 7, 189 F.2d 671, 39 A.L.R.2d 773; Elliott v. District of Columbia, 82 U.S.App.D.C. 64, 160 F.2d 386; District of Columbia v. Williams, D.C.Mun.App., 46 A.2d 111.

2. Elliott v. District of Columbia, 82 U.S. App.D.C. 64, 65, 160 F.2d 386, 387.

3. Way v. Efdimis, 66 App.D.C. 92, 85 F. 2d 258, 260; Jones v. District of Columbia, D.C.Mun.App., 123 A.2d 364.

4. Popejoy v. Hannon, Cal.App., 216 P.2d 521; Jones v. Bridges, 38 Cal.App.2d 341, 101 P.2d 91; Bornhoft v. City of Jefferson, Mo.App., 128 S.W.2d 1080.

plaintiff's safety, and that plaintiff, in order to prevail, had to prove a defective condition, as well as negligence, notice and the other essentials of her case. The instructions satisfied the requirements of law. See Hecht Company v. Jacobsen, 86 U.S. App.D.C. 81, 180 F.2d 13; Cohen v. Evening Star Newspaper Co., 72 App.D.C. 258, 113 F.2d 523; Henderson v. Allison, D.C. Mun.App., 44 A.2d 220.

The record being free of error, the judgment of the trial court must be

Affirmed.