William G. Easton, J.
These are negligence actions arising out of an automobile accident which occurred at about 8:20 p.m. on November 4, 1956 at the intersection of Gravel Pit Road, a town highway, and New York State Highway Route 22 in Clinton County, New York. For purposes of this decision, we shall treat the Gravel Pit Road as running north and south, and New York State Highway Route 22 as running east and west.
Claimant June L. Jerry was operating her 1953 Buick sedan in a southerly direction along Gravel Pit Road with claimant Frank Falkowski as a passenger in the rear seat. She had not driven over this road before. The weather was clear, the highway pavement was dry, it was dark, and the automobile *368 was being operated with lights on. As she proceeded along Gravel Pit Boad towards Boute 22, the claimant driver observed a fog bank which enveloped the highway for about 400 to 500 feet ahead. She slowed her vehicle down from about 45 miles per hour to approximately 30 miles per hour. At this point she could not see the T intersection of Gravel Pit Boad where it ended at Boute 22. She proceeded into the fog bank with her visibility limited, and used the edge of the highway pavement as a guide. When her car entered upon the highway pavement of Boute 22, she then realized that this was a T intersection, attempted to stop her car but was unable to do so before it went down a steep embankment adjacent to the south side of Boute 22 at a point opposite its intersection with Gravel Pit Boad. As a result claimants sustained personal injuries and the car was damaged.
At the T intersection, the Gravel Pit Boad pavement flared out to meet the pavement of Boute 22. There is a slight down grade on Gravel Pit Road as it approaches this intersection and immediately opposite it there is a steep embankment on the south side of Boute 22 leading down to a small brook.
There were no guardrails at the top of the embankment along the side of Route 22 opposite the Gravel Pit Boad intersection. A stop sign which had been erected in 1942 at the northwest corner to warn and to regulate southbound traffic on Gravel Pit Boad as it approached its intersection with Boute 22, was off its standard and lying in a field south of Gravel Pit Boad. There were no signs of any description along the west side of Gravel Pit Boad warning southbound traffic that Gravel Pit Boad ended and formed a T intersection with State Boute 22. It is not disputed that the T intersection of Boute 22 and Gravel Pit Boad and the erection and maintenance of signs signaling or warning of the intersection of Gravel Pit Boad with Route 22 were under the jurisdiction of the State of New York.
Some time prior to the happening of this accident the State had received actual notice that a dangerous condition existed at this intersection and that prior accidents similar to the one involved here had occurred. On the day before this accident occurred it also had actual or constructive notice of the fact that the stop sign at the northwest corner of the T intersection was off its metal post or standard and that it needed to be replaced. Notwithstanding such notice the State took no steps to correct this condition.
Under the circumstances one must conclude that the State of New York was negligent (a) in failing to give adequate warn- *369 mg of the T intersection in question, and (i>) in failing to erect or maintain guardrails and/or signs on the south side of State Route 22 at a point opposite Gravel Pit Road. (Ross v. State of New York, 242 App. Div. 721, affd. 265 N. Y. 632 [1934]; Johnson v. State of New York, 186 App. Div. 389, affd. 227 N. Y. 610 [1919].)
It cannot be said that under the circumstances the claimant driver was guilty of contributory negligence. It was not necessarily negligence to drive an automobile in a heavy fog, and the driver of an automobile passing through a fog had the right to proceed at a reasonable speed consistent with the existing conditions. She was not obliged to stop and wait for the fog to lift in order to escape a charge of negligence. She used reasonable, care under the circumstances and conditions’then and there existing. Claimant Frank Falkowski also was free from any contributory negligence. (Ross v. State of New York, supra.)
The negligence of the State as aforesaid was the sole proximate cause of the happening of this accident.
As a result of the accident, claimant Frank Falkowski sustained contusions and abrasions about the right temporal region of the head and about the eyes, a contusion and sprain of the right knee. In this connection, he necessarily incurred expenses for medical care and treatment in the reasonable sum of $60. He lost one day’s work.
As a result of the accident, June L. Jerry sustained the following injuries: A “U” shaped laceration sutured in place, about three-quarters inch long, nasal end, upper left eyebrow, which is disfiguring and permanent in nature; blurring of vision; periods of unconsciousness following trauma; severe headaches; dizziness, with periods of blacking-out, two to three times a day following the accident, with periods of nausea; cerebral concussion; post-concussion syndrome; contused laceration of left lmee. She was confined in a hospital from November 4 to November 11, 1956 and November 27, 1956 to December 2, 1956. She was also confined to her home from November 11 to November 18, 1956 and from December 2,1956 to January 7, 1957. As a result of the injuries she necessarily incurred hospital and medical expenses in the reasonable amount of $429.30.
As a result of the injuries sustained by claimant June L. Jerry she was unable to work and sustained a loss of wages for a period of approximately two months less four days.
The fair and reasonable cost of repairing the damage to claimant’s automobile was $829.
*370 Claimant June L. Jerry is entitled to an award against the State of New York in the amount of $4,329.
Claimant Frank Falkowski is entitled to an award against the State of New York in the amount of $500.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. Let judgment be entered accordingly.