Leonard SASS et al., Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 16726.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 21, 1962.

Decided Feb. 14, 1963.

Mr. Walter J. Murphy, Jr., Washington, D. C., with whom Messrs. H. Mason Welch, J. Harry Welch, J. Joseph Barse and James A. Welch, Washington, D. C., were on the brief, for appellants. Mr. Arthur V. Butler, Washington, D. C., also entered an appearance for appellants.

Mr. Richard W. Barton, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before WASHINGTON, BURGER and WRIGHT, Circuit Judges.

WASHINGTON, Circuit Judge.

An action was brought in the District Court by Alberta R. Fallone, Administratrix of the estate of Albert C. Fallone, her son, to recover damages for his alleged wrongful death. The deceased was killed in a collision between the automobile he was driving and a truck driven by Charles Giles and owned by Leonard and Andrew Sass, all of whom were named as defendants. The accident oc-

curred on April 4, 1961, at the intersection of 18th and Monroe Streets, N.E., in the District of Columbia.

A motion by defendants (now appellants) to bring in the District of Columbia as a third-party defendant was granted. However, the District, in response to the third-party complaint served upon it, moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b), for failure to state a claim upon which relief could be given, and its motion was granted. The order granting the motion to dismiss contained a certification pursuant to 28 U.S.C. § 1292(b), and this court allowed the requested interlocutory appeal.

While the District Court did not specifically state the question of law found to be controlling, it is clear from the record that the question presented is whether the District of Columbia can successfully invoke the doctrine of sovereign immunity as a defense to the complaint filed by the third-party plaintiffs below.

The third-party complaint states that "on April 4, 1961, at approximately 6:50 a. m. the traffic light control signals at the intersection of 18th and Monroe Streets, N.E., Washington, D. C., were not functioning properly and had not been functioning properly prior to the date of the accident and for some time after the accident." It adds:

> "If the plaintiff was injured and damaged as alleged in the complaint, such injury and damage was caused by the negligence of the third-party defendant, District of Columbia, a municipal corporation, in failing to operate and maintain the traffic light control signals at the intersection of 18th and Monroe Streets * * * and if the third-party plaintiffs are condemned to pay damages to the plaintiff, they will be entitled to indemnification from the third-party defendant."

■ In appraising the sufficiency of a complaint, we follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). The District of Columbia has argued that the operation and maintenance of a system of traffic control devices is a governmental function and, as such, an activity subject to the doctrine of sovereign immunity. Appellants respond with the argument that this case falls within the recognized exception to the sovereign immunity of the District of Columbia, which imposes liability when the District has negligently failed to keep its streets in safe condition. See District of Columbia v. Woodbury, 136 U.S. 450, 10 S. Ct. 990, 34 L.Ed. 472 (1890); Elliott v. District of Columbia, 82 U.S.App.D.C. 64, 160 F.2d 386 (1947). Cf. Johnston v. District of Columbia, 118 U.S. 19 at 20–21, 6 S.Ct. 923, 924, 30 L.Ed. 75 (1886).

■ This area of the law, as the Supreme Court has observed, mentioning this jurisdiction in particular, is in a state of considerable confusion throughout the United States. See Indian Towing Co. v. United States, 350 U.S. 61 at 65 n. 1, 76 S.Ct. 122, 124, 100 L.Ed. 48 (1955). Yet we are asked, on the basis of the vague and indefinite complaint set forth above, which does not even allege specifically that the District had notice of any malfunction, to give a prompt and final answer to a question falling squarely within this area of confusion. On this complaint, we are unwilling to make a sweeping holding that the District of Columbia is—or is not—immune, under any state of facts which might be proved, from tort liability for negligence in maintenance of an *existing* traffic control device or system of devices. Compare Urow v. District of Columbia, 114 U.S. App.D.C. ——, 316 F.2d 351 (1963). As the Ninth Circuit has said, in a case arising under the Federal Tort Claims Act (not, of course, here involved):

> "In the area of governmental responsibility for the acts of its agents, the law is in a state of flux. This legislation [the Federal Tort Claims Act] was heralded as abolishing the

medieval maxim, 'The King can do no wrong,' with respect to a modern government. Recently, interpretation has vastly enlarged the sphere of responsibility of government. In this field, where the substantive law is unsettled, it is advisable to hold that a complaint should not be held without merit unless it is absolutely clear that no cause of action could be stated given the actual facts, especially where a statutory exception is relied upon." (Footnotes omitted.) Builders Corporation of America v. United States, 9 Cir., 259 F.2d 766, 770–771 (1958).

For like reasons, we must reverse the dismissal of the complaint in this case. Cf. Kennedy v. Silas Mason Co., 334 U.S. 249, 256–257, 68 S.Ct. 1031, 1034, 92 L. Ed. 1347 (1948). We intimate no views as to the specific facts that could or must be shown to defeat the claim of immunity.

The result we reach today does not, of course, constitute an indorsement of the position taken by appellants. More facts need to be adduced before it can be determined whether they have a claim upon which they are entitled to some relief. Nor, we may add, does our decision mean that the District must go through a trial in all cases of this sort. There are means available to enable the District to elicit sufficient facts and details to pose a legal issue answerable by the courts. It may be, for example, that a motion under Fed.R.Civ.P. 12(e) for a more definite statement would be granted in such circumstances, on the theory that it is impossible to frame a pleading responsive to such a vague complaint. Moreover, liberal discovery and summary judgment procedures remain open to the District. In any event, a motion to dismiss for failure to state a claim upon which relief can be granted cannot succeed unless it is clear that the facts alleged, if established, would warrant no relief.

We add a comment about a procedural matter, not raised by the parties. We assume that in this case an application could properly have been made for a certificate under Rule 54(b), Fed.R.Civ. P., and if granted, the appeal might have proceeded on that basis. However, that course was not followed. Instead, the District Court found that there was presented a controlling question of law, and we allowed the appeal under Section 1292 (b) of Title 28 of the United States Code. While we no doubt had power to do this, see Jaftex Corp. v. Randolph Mills, Inc., 282 F.2d 508 (2d Cir. 1960), we think the better practice is to make application under Rule 54(b). In Chvala v. D. C. Transit System, Inc., 110 U.S.App.D.C. 331, 334, 293 F.2d 519, 522 (1961), we quoted from the Advisory Committee's Note accompanying the Amendments to Rule 54(b), adopted April 17, 1961, to the following effect:

> "There has been some recent indication that interlocutory appeal under the provisions of 28 U.S.C. § 1292(b), added in 1958, may now be available for the multiple-parties cases here considered. See Jaftex Corp. v. Randolph Mills, Inc., 282 F.2d 508 (2d Cir., 1960). The Rule 54(b) procedure seems preferable for those cases, and § 1292(b) should be held inapplicable to them when the rule is enlarged as here proposed. See Luckenbach Steamship Co., Inc. v. H. Muehlstein & Co., Inc., 280 F.2d 755, 757 (2d Cir., 1960); 1 Barron & Holtzoff, supra, § 58.1, p. 321 (Wright ed. 1960)."

We agree with the Committee's view, and have considered whether or not we should dismiss the present appeal as improvidently granted.[1] However, because we consider that we have jurisdiction of the cause, and should advance its disposition, we will not dismiss.

For the reasons given, the order of the District Court will be reversed and

---

1. It is axiomatic that interlocutory or piecemeal appeals are not favored, particularly in situations like the present. Cf. Panichella v. Pennsylvania Railroad Co., 252 F.2d 452 (3d Cir. 1958) (issuance of certificate by District Court under Rule 54 (b) held abuse of discretion on facts there presented).

the cause remanded for further proceedings not inconsistent with this opinion.

So ordered.

WRIGHT, Circuit Judge (concurring).

I concur in Judge Washington's opinion provided it is not interpreted as indicating the position of this court on the continuing vitality of the doctrine of sovereign immunity. As the court's opinion indicates, this case involves a recognized exception to the doctrine so I would intimate no opinion on the doctrine itself. Compare Urow v. District of Columbia, 114 U.S.App.D.C. ——, 316 F.2d 353 (dissenting opinion).