Jerome S. WAGSHAL, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3777.

District of Columbia Court of Appeals.

Argued Nov. 15, 1965.

Decided Jan. 19, 1966.

Jerome S. Wagshal, pro se.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant was driving south on Thirteenth Street when a truck traveling east on Taylor Street came into the intersection of Thirteenth and Taylor Streets, N. W., and struck his automobile broadside. Appellant was thrown from his car and injured. A stop sign which normally controlled traffic proceeding east on Taylor Street was down, and it was stipulated that appellee had had notice of this condition for about six days prior to the accident.

In addition to bringing suit against the owner and the driver of the truck, appellant sued the District of Columbia on the theory that it had "negligently failed to properly maintain a stop sign." At the end of appellant's case, the trial court granted appellee's motion for a directed verdict on the ground of sovereign immunity. Trial proceeded as to the remaining parties and ended in a hung jury, after which a settlement between them was reached. This appeal is taken from the judgment entered on the directed verdict in favor of appellee.

Where the District of Columbia acts in its governmental capacity, *i. e.*, where it exercises its discretionary or judicial powers, sovereign immunity attaches. But where it merely exercises ministerial powers

there is a duty to act in a reasonably safe and skillful manner. Elgin v. District of Columbia, 119 U.S.App.D.C. 116, 337 F.2d 152 (1964). And whether it be called governmental or ministerial, it is well established that an exception to the doctrine of sovereign immunity is the District's obligation to maintain the streets in a reasonably safe condition for travel. Urow v. District of Columbia, 114 U.S.App.D.C. 350, 316 F.2d 351, cert. denied 375 U.S. 826, 84 S.Ct. 69, 11 L.Ed.2d 59 (1963); Booth v. District of Columbia, 100 U.S.App.D.C. 32, 241 F.2d 437 (1956); District of Columbia v. Caton, 48 App.D.C. 96 (1918). Thus, in Booth, where the plaintiff was injured in a flood on city streets, the United States Court of Appeals held that although she could not recover on the theory of the inadequacy of the sewer system plan, a matter involving governmental discretion, she could prevail on the ground that the District failed to maintain the streets in a reasonably safe condition. The court there cited the earlier case of District of Columbia v. Caton, supra, which established that the District's duty to keep the streets safe is controlling whether the dangerous condition is the result of a general plan of improvement, or not.

The question presented to us is whether the District of Columbia is immune from liability for negligently failing to maintain an existing traffic control device. If such negligence amounted to a failure of its duty to keep the streets safe, immunity will not lie. In Urow, supra, the issue was whether the District could be sued for its failure to *establish* a traffic control device at an intersection. The court there held that the District was immune, stating that the jury should not be allowed to examine the reasonableness of a discretionary, quasi-legislative determination.

The Urow case pointed out that the District of Columbia's decision to establish or not to establish a general plan of improvement is within the area protected by the doctrine of sovereign immunity. But if a

plan that is adopted creates a hazard on the road, either because of its inherent unreasonableness or because of negligence in its administration, then the duty of the District is the same as it is with respect to any street condition that becomes unsafe. District of Columbia v. Caton, supra. Thus, whereas the Urow case stands for the proposition that the District cannot be held liable for a failure to exercise its discretionary, quasi-legislative powers to control traffic at an intersection, here we have a situation where after a decision had been made to regulate traffic, the intersection was allowed to become unregulated and unsafe through negligence—not pursuant to a studied, reasoned decision. The District need not have put up the sign, but once it did, it had a duty to maintain it properly in order to keep the intersection reasonably safe for motorists.

This distinction was recognized in the Urow case and in one which followed it a week later, Sass v. District of Columbia, 114 U.S.App.D.C. 365, 316 F.2d 366 (1963). In Urow, the court was careful to point out that "[t]his complaint does not present a claim that the municipality installed and then failed *to maintain* a traffic device at an intersection." In the Sass case, a third party complaint against the District was dismissed on the ground that it failed to state a claim upon which relief could be granted. The third party complaint alleged that the District had been negligent "in failing to operate and maintain the traffic light control signals at the intersection" where the collision took place. The United States Court of Appeals recognized that the controlling question of law was one of sovereign immunity and reversed the dismissal on the ground that it was not clear from the "vague and indefinite complaint * * *, which does not even allege specifically that the District had notice of any malfunction," that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Thus the court recognized the possibility that immunity might not attach in such a situation, even

though it was careful to restrict its holding by stating:

"* * * On this complaint, we are unwilling to make a sweeping holding that the District of Columbia is—or is not—immune, under any state of facts which might be proved, from tort liability for negligence in maintenance of an *existing* traffic control device or system of devices. Compare Urow v. District of Columbia, 114 U.S.App.D.C. 350, 316 F.2d 351 (1963). * * *" (114 U.S.App.D.C. at 366, 316 F.2d at 367.)

■ It has been argued that the street safety exception goes only to physical defects in the street and that it does not include traffic lights and signs. Aside from the fact that the stop sign here was a very real physical appurtenance of the intersection, we believe the distinction drawn is without merit. The absence of the sign in the place where it had stood for a considerable time created an unsafe condition every bit as dangerous as a hole in the roadway or an obstruction.

In reaching our decision we recognize that cases in other jurisdictions have arrived at opposite conclusions. However, justice and logic lead us to go along with those jurisdictions which have found a city liable for its failure to properly maintain a traffic control device. See Irvin v. Padelford, 127 Cal.App.2d 135, 273 P.2d 539 (1954); Johnston v. City of East Moline, 338 Ill.App. 220, 87 N.E.2d 22 (1949), aff'd 405 Ill. 460, 91 N.E.2d 401 (1950); O'Hare v. City of Detroit, 362 Mich. 19, 106 N.W. 2d 538 (1960); Falkowski v. State, 26 Misc. 2d 367, 210 N.Y.S.2d 268 (1961); Nuss v. State, 301 N.Y. 768, 95 N.E.2d 822 (1950); Lyle v. Fiorito, 187 Wash. 537, 60 P.2d 709 (1936).

Appellee urges that even if it cannot avail itself of the doctrine of sovereign immunity, the trial court's judgment should be sustained on alternative grounds. It contends that, as a matter of law, the absence

of the stop sign on Taylor Street was not the proximate cause of the accident and that appellant was contributorily negligent in failing to slow down and observe the truck when he approached the intersection.

Proximate cause has been defined in this jurisdiction as " 'that cause which, in natural and continual sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred.' " Howard v. Swagart, 82 U.S.App.D.C. 147, 151, 161 F. 2d 651, 655 (1947). The injury must be the " 'natural and probable consequence of the negligent or wrongful act, and  *  *  * ought to have been foreseen in the light of the attending circumstances.' " Howard v. Swagart, supra; see also Johnston v. City of East Moline, supra. Whether it is or not is ordinarily a question of fact for the jury. Hanna v. Fletcher, 97 U.S.App. D.C. 310, 231 F.2d 469, 58 A.L.R.2d 847, cert. denied 351 U.S. 989, 76 S.Ct. 1051, 100 L.Ed. 1501 (1956). A jury could reasonably find from the evidence presented in this case that a collision was the natural and probable consequence of the failure to repair the stop sign. See Johnston v. City of East Moline, supra.

Whether appellant was contributorily negligent is also a question of fact for the jury. Here he was traveling on a through street normally protected by lights and signs on the side streets. Whether he was negligent in failing to slow down and observe the truck when he approached the intersection was clearly a question for the jury to decide. See Irvin v. Padelford, supra.

Reversed.