William L. GUNTER and Camille S. Gunter, Plaintiffs,

v.

Theodore M. HUTCHESON et al., Defendants.

Civ. A. No. C76–1702A.

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 3, 1980.

---

Harold L. Russell, Thomas W. Rhodes, and Jane K. Wilcox, Gambrell, Russell & Forbes, Atlanta, Ga., for plaintiffs.

J. D. Fleming, Jr., John A. Chandler and H. Wayne Phears, Sutherland, Asbill & Brennan, Atlanta, Ga., Myers N. Fisher, Robert J. Green, Legal Div. FDIC, Washington, D.C., Jerry Bonneau, FDIC, Chattanooga, Tenn., for defendants.

## ORDER OF COURT

MOYE, Chief Judge.

Presently before the Court is the motion of the defendant FDIC to reconsider that part of the Court's order of May 13, 1980, 492 F.Supp. 546, 562 (N.D.Ga.1980), in which it denied the FDIC's motion for entry of final judgment. In that order the Court

also granted plaintiffs' motion for certification of immediate appeal, pursuant to 28 U.S.C. § 1292(b), of the Court's non–final order of March 4, 1980, 492 F.Supp. 546 (N.D.Ga.1980), granting the FDIC's motion for summary judgment. As grounds for the instant motion, the FDIC contends that certification and direction for entry of judgment under Fed.R.Civ.P. 54(b) is the only proper avenue for appeal of the March 4 order. That contention actually raises two distinct questions: (1) whether certification and direction for entry of judgment under Rule 54 is appropriate, and (2) whether certification under section 1292(b) is precluded where a court enters an order which would be final as to one of multiple parties but for the failure of the Court to grant a Rule 54(b) certification.[1] For the reasons stated below, the Court believes that Rule 54(b) certification is inappropriate in this case and that section 1292(b) certification is proper; accordingly, the motion for Rule 54(b) certification remains DENIED.

## I. *CERTIFICATION UNDER RULE 54(b)*

■ The Court previously denied the motion for Rule 54 certification because to do so might subject the plaintiffs to a large bond on appeal. Such a possibility presents a "just reason for delay" of the entry of judgment in this case, because the granting of summary judgment to the FDIC required the Court to decide several novel and difficult questions of law.

The FDIC relies upon *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), in arguing that this Court should consider the economic loss to the FDIC during the pendency of the appeal, which results from the failure to enter judgment. In *Curtiss–Wright* the district court made a Rule 54(b) certification and the Third Circuit reversed. A unanimous Supreme Court then also reversed, strongly emphasizing that 54(b) determinations fall within the sound discretion of the district court. *Id.* 100 S.Ct. at 1466–67. Chief Justice Burger observed that Rule 54(b) requests should not be "granted routinely" and that "because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow." *Id.* 100 S.Ct. at 1466. "[T]he task of weighing and balancing the contending factors is peculiarly one for the trial judge who can explore all facets of a case." *Id.* 100 S.Ct. at 1467.

In *Curtiss–Wright* the district court considered several economic factors:

> The difference between the prejudgment and market interest rates was not the only factor considered by the District Court. The court also noted that the debts in issue were liquidated and large, and that absent Rule 54(b) certification they would not be paid for "many months, if not years" because the rest of the litigation would be expected to continue for that period of time. The District Judge had noted earlier in his opinion on the merits of the release clause issue that respondent General Electric contested neither the amount of the debt nor the fact that it must eventually be paid. App., at 164a–172a. The only contest was over the effect of the release clause on the timing of the payment, an isolated and strictly legal issue on which summary judgment had been entered against respondent.

*Id. Curtiss–Wright* is distinguishable from this case; the only factors of the several mentioned in the quoted passage which are present here are the interest rate differential and the agreement as to amount owed. Both of those factors should be present in most cases involving asserted liability on a note, and in this case, unlike in *Curtiss–Wright*, plaintiffs vigorously contest liability on the note in issue.

The Court believes that in this case the balance of equities concerning delay in the

---

1. The Court considered the first issue in the May 13 order, but did so without the benefit of the recent Supreme Court opinion in *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). In the earlier order the Court did not discuss the second issue as a distinct problem.

entry of judgment favors the Gunters. As was indicated in the previous order, the Court is strongly persuaded in this regard by the fact that the Court was required to address unique and difficult questions in rendering summary judgment in favor of the FDIC. Extensive briefing and oral argument by capable counsel and the Court's own considerable research failed to disclose any binding authority on any of the four issues mentioned in the previous order. Were the issues less difficult or were there fewer difficult issues, the Court would be less inclined to find that there is "just reason for delay" in entering judgment. Thus, the Court does not intend by any means that a finding of "just reason for delay" should automatically follow where the Court has confronted novel and difficult issues. In this case, however, the novelty and difficulty of the issues is such that their significance as a reason for delay outweighs any potential economic loss to the FDIC resulting from failure to enter judgment.

For the foregoing reasons, the Court concludes that there is just reason for delay in the entry of judgment.

## II. RULE 54(b) AND SECTION 1292(b)

■ The FDIC also contends that Rule 54(b) and section 1292(b) are mutually exclusive–*i. e.*, that where a court order would be final with respect to one or more of multiple parties but for the lack of a Rule 54(b) certification, the appealability of the order must be determined according to Rule 54(b) and not section 1292(b).

The FDIC has not directly moved for reconsideration of the certification under 1292(b). Indeed, it never even opposed the motion for 1292(b) certification. Rather, it attacks the 1292(b) certification indirectly by saying in essence that the 1292(b) certification is improper because the court should have used Rule 54(b). A major flaw in the FDIC's reasoning is that the Court has already decided that Rule 54(b) certification is not appropriate in this case. The FDIC, of course, disputes that decision, but there must be some situation in which an order, final but for the lack of a Rule 54(b) certifi-

cate, is not properly certifiable under Rule 54(b) because there is "just reason for delay" in entering judgment. In that situation, it would preclude immediate appellate review to hold that section 1292(b) certification always is improper for orders which are final but for the Rule 54(b) certification.

Although the Court is not entirely sure of the FDIC's position with respect to section 1292(b), the Court will proceed to address the question of whether Rule 54(b) is the only avenue for immediate appeal where an order would be final with respect to one or more of multiple parties but for the lack of Rule 54(b) certification.

The FDIC relies most heavily on the following statement in the Advisory Committee's Notes with respect to the 1961 amendment to Rule 54:

> There has been some recent indication that interlocutory appeal under the provisions of 28 U.S.C. § 1292(b), added in 1958, may now be available for the multiple–parties cases here considered. *See Jaftex Corp. v. Randolph Mills, Inc.*, 282 F.2d 508 (2d Cir. 1960). The Rule 54(b) procedure seems preferable for those cases, and § 1292(b) should be held inapplicable to them when the rule is enlarged as here proposed. *See Luckenbach Steamship Co., Inc., v. H. Muehlstein & Co., Inc.*, 280 F.2d 755, 757 (2d Cir. 1960); 1 Barron & Holtzoff, supra, § 58.1, p. 321 (Wright ed. 1960).

28 U.S.C.A.Fed.R.Civ.P. 52 to 58 at p. 247.

The leading commentators on federal procedure make general statements similar to that of the Advisory Committee:

> If an order can be made appealable by a Rule 54(b) certificate, it, and not a § 1292(b) certificate, *should be sought.*

9 *Moore's Federal Practice* ¶ 110.22[5] at p. 266 (emphasis added) (2d ed. 1975).

> Section 1292(b) and Rule 54(b) are mutually exclusive. . . . Therefore, *if an order is final under § 1291, 1292(b) cannot apply* and resort must be had to Rule 54(b) in the multiple–party or multiple–claim situation.

10 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2658 at p. 62 (emphasis added) (1973).

Finally, the FDIC points to *Civil Aeronautics Board (CAB) v. Tour Travel Enterprises, Inc.,* 605 F.2d 998, 1003 (7th Cir. 1979) (emphasis added), where the court observed:

> Although Rule 54(b) and section 1292(b) are *generally* considered *mutually exclusive* avenues to appellate review . . . in actions in which it is unclear whether the rule or statute governs, *alternative certification is permissible.*
>
> Rule 54(b) is applicable in those actions in which the district court adjudicates a matter in a multi–claim or multi–party action that but for the multiple claims or parties would be immediately appealable under 28 U.S.C. § 1291.

This language used by the Seventh Circuit is dicta, because the court determined that the district court's order was not final and that the appeals court had jurisdiction under section 1292(b). More significantly, the language and holding admits of the possibility that 1292(b) may be used in a multi–party case where the court has refused to enter final judgment.

While the above quotations lend some general support to the FDIC's position, case holdings and the conclusions of the commentators quoted above convince the Court that 1292(b) is not necessarily improper in a multi–party case. After noting the above–quoted language from the Advisory Committee Notes, Wright and Miller state that

> There may be cases in which use of Section 1292(b) would be warranted even though Rule 54(b) would not apply, either because finality is lacking or because not all the rights or liabilities of one or more parties have been determined. Under those circumstances an appeal under Section 1292(b) should be possible since *Rule 54(b) was not intended to be the only avenue to secure review in multiple–party actions* in the absence of a final judgment covering the entire action.

10 C. Wright & A. Miller, *supra,* § 2658 at p. 64 (emphasis added). While this passage does not expressly concern the situation where the Court has, as here, found "just reason for delay," the highlighted language is certainly broad enough to include such a situation. Moreover, in a later volume of their text, Professors Wright and Miller along with Professors Cooper and Gressman make it clear that their position contemplates circumstances like those present here:

> Civil Rule 54(b) provides that no judgment disposing of less than all the claims as to all of the parties is final, unless the district court explicitly determines there is no just reason for delay and expressly orders entry of judgment. Since the Rule itself provides that absent such entry of judgment, any order disposing of less than all the claims or parties is not final, § 1292(b) should be available to permit certification and appeal.

16 C. Wright, A. Miller, E. Cooper, E. Gressman, *Federal Practice and Procedure, Civil* § 3929 at p. 146 (1977).

Likewise, *Moore's Federal Practice* indicates that where the court finds "just reason for delay," section 1292(b) certification may be proper:

> [E]*ven though* the adjudication is "final" and *within the coverage of Rule 54(b),* if the district court does not make the express determination and express direction, the order remains interlocutory and, if not appealable as of right, then *literally it should be reviewable under § 1292(b)* if the order meets the criteria of that statute.

6 *Moore's Federal Practice* ¶ 54.30[2.–2] at p. 455 (emphasis added) (2d ed. 1976). *See Huckeby v. Frozen Food Express,* 555 F.2d 542, 546 (5th Cir. 1977) (order not final until so certified).

*Moore's* cites one case which *holds* that section 1292(b) certification is proper even where an order would be final as to one of multiple parties but for the lack of Rule 54(b) certification. *Sass v. District of Columbia,* 316 F.2d 366 (D.C.Cir.1963). In *Sass* the district court granted a motion to dismiss filed by a third–party defendant. The court of appeals discussed its jurisdiction as follows:

We add a comment about a procedural matter, not raised by the parties. We assume that in this case an application could properly have been made for a certificate under Rule 54(b), Fed.R.Civ.P., and if granted, the appeal might have proceeded on that basis. However, that course was not followed. Instead, the District Court found that there was presented a controlling question of law, and we allowed the appeal under Section 1292(b) of Title 28 of the United States Code. While we no doubt had power to do this, *see Jaftex Corp. v. Randolph Mills, Inc.*, 282 F.2d 508 (2d Cir. 1960), we think the better practice is to make application under Rule 54(b). In *Chvala v. D.C. Transit System, Inc.*, 110 U.S.App. D.C. 331, 334, 293 F.2d 519, 522 (1961), we quoted from the Advisory Committee's Note accompanying the Amendments to Rule 54(b), adopted April 17, 1961, to the following effect:

> "There has been some recent indication that interlocutory appeal under the provisions of 28 U.S.C. § 1292(b), added in 1958, may now be available for the multiple–parties cases here considered. *See Jaftex Corp. v. Randolph Mills, Inc.*, 282 F.2d 508 (2d Cir., 1960). The Rule 54(b) procedure seems preferable for those cases, and § 1292(b) should be held inapplicable to them when the rule is enlarged as here proposed. *See Luckenbach Steamship Co., Inc. v. H. Muehlstein & Co., Inc.*, 280 F.2d 755, 757 (2d Cir., 1960); 1 Barron & Holtzoff, supra, § 58.1, p. 321 (Wright ed. 1960)."

*Id.* at 368. The *Sass* approach was reaffirmed by the D.C. Circuit in *Courembis v. Independence Avenue Drug Fair, Inc.*, 316 F.2d 658 (D.C.Cir.1963) (per curiam). The district court there also dismissed a third–party complaint. The circuit court dismissed the appeal, citing *Sass*, reasoning that the district court had made neither a 54(b) nor 1292(b) determination. The court's reasoning clearly implied that nothing is wrong with 1292(b) certification in a multi–party case. Similarly, in the *CAB* case cited by the FDIC, the court upheld

jurisdiction under section 1292(b) even though multiple parties were involved.

This Court agrees with the FDIC and the authorities it cites that it is indeed "preferable" to issue a Rule 54(b) certification rather than a section 1292(b) certification in a multi–party case. But where, as here, Rule 54(b) is inappropriate the Court may properly certify an appeal under section 1292(b).

The Court is strongly persuaded by the fact that it would be ironic to hold that section 1292(b) is unavailable in a multi–party case where an order would be final but for the lack of the Rule 54(b) certification. Rule 54(b) certification is never automatic; the Court must in its discretion determine whether there is just reason for delay in the entry of judgment. The factors which govern the determinations under 54(b) and 1292(b) may be similar, 10 C. Wright & A. Miller, *supra*, § 2658 at p. 61, especially if the district court views the Rule 54(b) determination solely from the perspective of conferring immediate appealability by entering judgment. Thus in many cases, where the finding required by section 1292(b) can appropriately be made, there will be no just reason for delay in the entry of judgment.

The entry of judgment has other consequences than conferring immediate appealability, however. The FDIC has not argued that Rule 54(b) does not permit the Court to consider those other consequences, and the Court knows of no reason why it should not do so. Indeed, economic consequences such as those relied upon in part I of this order were properly relied upon by the district court in *Curtiss–Wright.* 446 U.S. 1, 8, 100 S.Ct. 1460, 1467, 64 L.Ed.2d 1. *See* pp. 364–365 *supra.* If, in deciding whether to make the Rule 54(b) certification, a court considers factors unrelated to the need for immediate appeal, then inevitably there will be cases, such as this one, where section 1292(b) certification is appropriate and Rule 54(b) certification is not. If 1292(b) could not be applied then the availability of an immediate appeal would be lost. The irony lies in the fact that no immediate

appeal could be had simply because the Court was denying Rule 54(b) certification solely for reasons having nothing to do with the need for an immediate appeal.

In its argument for mutual exclusivity of 54(b) and 1292(b), the FDIC relies heavily upon the Advisory Committee Notes for the 1961 amendment to Rule 54(b). *See* p. 365 *supra.* First, the Notes do not clearly support the FDIC's position. Where the Notes indicate that "The Rule 54(b) procedure seems preferable *for those cases,* and § 1292(b) should be held inapplicable *to them* . . . ," they are referring to "the multiple–parties cases *here considered.*" The cases considered in the Notes consist solely of cases which would satisfy Rule 54(b).

Second, in *Curtiss–Wright,* the Supreme Court admonished the court of appeals for relying on the Advisory Committee Notes for the 1946 amendment to Rule 54(b), stating that "its error derives from reading a description in the commentary as a standard of construction." 446 U.S. 1, 7, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1. It would only compound the error to rely upon language which does not even clearly stand for the proposition for which the FDIC urges it.

Third, the legislative history to 28 U.S.C. § 1292(b) mentions a multi–party case as an example of a situation in which 1292(b) would apply. S.Rep.No. 2434, 85th Cong., 2nd Sess., *reprinted in* [1958] U.S.Code Cong. & Admin.News, pp. 5255, 5256. That example is clearer and more forceful than the Advisory Committee statement. The Court thus finds it persuasive even though it was given several years before Rule 54(b) was amended.

Finally, the Advisory Committee Notes cite *Luckenbach Steamship Co. v. H. Muehlstein & Co.,* 280 F.2d 755 (2d Cir. 1960). *See* p. 365 *supra.* There an order dismissing a

third–party complaint was certified by the district court under section 1292(b); the district judge also stated that he thought the order was final and appealable. The Second Circuit dismissed the appeal. Rule 54(b) was not applicable because no "express determination . . . and express direction . . ." had been made. Section 1292(b) certification was improper because the district court had expressly found its order final and appealable. Here the Court has not made such a determination. The Court has expressly refused to direct the entry of judgment–thereby making the order final and appealable–because there is just reason for delay. Thus, to the extent the Advisory Committee intended *Luckenbach* as an example,[2] the Committee must have meant only that section 1292(b) is precluded where all elements of 54(b) except the "express direction . . ." are present.

For the reasons given in this part of the order, the Court concludes that 28 U.S.C. § 1292(b) certification is not improper where an order would be final as to one of multiple parties but for the lack of the court's Rule 54(b) certification, and for all the reasons set forth above the motion for reconsideration is hereby DENIED.

III. *SECTION 1292(b) CERTIFICATION OF DENIAL OF 54(b) CERTIFICATION*

Also before the Court is the FDIC's alternative motion for certification under section 1292(b) of the Court's denial of the FDIC's motion for Rule 54(b) certification. The Court hereby GRANTS the motion for section 1292(b) certification for the reasons stated below.

To certify an order for appeal under 28 U.S.C. § 1292(b), the Court must

---

**2.** The significance of *Luckenbach* is not entirely clear. The citation to *Luckenbach* is preceded by the introductory signal "see." The "see" signal is generally understood to indicate that the proposition follows from or is supported by the authority cited. *See A Uniform System of Citation* Rule 2.3 at 6–7 (12th ed. 1976). The

proposition that Section 1292(b) certification is precluded in a multi–party case where the Court has entered an order which would be final but for the failure of the Court to certify the case under Rule 54(b) does not follow from and is not supported by the holding in *Luckenbach.*

be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . .

and so state in writing. Matters within a district court's discretion are typically not appropriate for 1292(b) certification, *Garner v. Wolfinbarger*, 433 F.2d 117 (5th Cir. 1970), because the statute by its terms only permits certifications of questions of law, 16 C. Wright, A. Miller, E. Cooper, and E. Gressman, *supra*, § 3930 at pp. 160–161, and because discretionary matters run a lower risk of reversal. *Id.* at 161. At least one issue considered by the Court in this order is not a matter of discretion. That issue is whether section 1292(b) certification is improper for an order which would be final but for the fact that the Court has refused to grant Rule 54(b) certification on the grounds that there is just reason for delay in entering judgment. It is, however, a discretionary question whether Rule 54(b) certification has been properly denied on the grounds that entry of judgment may be justifiably delayed because of the extraordinary novelty and difficulty of the issues decided.

Nevertheless, both issues satisfy the remaining factors set forth in 1292(b). There is certainly "substantial ground for difference of opinion" as to both issues. None of the authorities discussed in this order deal directly with the issues as posed in the preceding paragraph. Although a complete absence of authority on the issue under consideration is, of course, not dispositive, e. g., *United States ex rel. Hollander v. Clay*, 420 F.Supp. 853, 859 (D.D.C.1976); *Barrett v. Burt*, 250 F.Supp. 66, 68–69 (S.D.Iowa 1966), here the strong preference for Rule 54(b) certification over 1292(b) certification could reasonably be deemed strong enough to preclude 1292(b) certification and the just reason for delay identified by the Court could reasonably be deemed insufficient to override the other factors which the Court may consider in making that determination.

The Court also believes that the two issues previously mentioned are controlling questions and that an immediate appeal will materially advance the ultimate termination of the litigation. If the Court of Appeals were to deny the Gunters' petition under Section 1292(b), either because only Rule 54(b) is applicable or for any other reason, then the FDIC's motion for summary judgment would remain granted, without the availability of appellate review for the remainder of this complex and protracted litigation. For the reasons stated in the May 12 order, this Court believes that this should not happen. An excellent means of providing an alternative to such an eventuality is to certify this order for appeal pursuant to 1292(b).

For the foregoing reasons the motion of certification is hereby GRANTED.

## IV. DISCOVERY

In its brief accompanying its motion for reconsideration (but not in its motion), the FDIC requests that the Court permit it to engage in discovery concerning the Gunters' assets. The FDIC's request is hereby DENIED without prejudice. Counsel for the FDIC and the Gunters are hereby ORDERED to meet and confer in a good faith attempt to resolve any discovery disputes between them. It shall be the duty of counsel for the FDIC to arrange the conference, but if a mutually convenient conference cannot be agreed upon the Court will set a conference by order. If after conferring on any discovery disputes they may have, counsel are unable to reach agreement, they may submit to the Court a single document containing both parties' views on all issues as to which there is a dispute.

## V. SUMMARY

The FDIC's motion for reconsideration is DENIED. The FDIC's motion for certification pursuant to 28 U.S.C. § 1292(b) of the denial of Rule 54(b) certification is hereby GRANTED. The FDIC's discovery request is DENIED without prejudice and counsel are ORDERED as set forth in part IV.