Marilyn MAJESKA, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 98–CV–191.

District of Columbia Court of Appeals.

Argued Nov. 5, 2002.

Decided Dec. 19, 2002.

Mary Connelly, Assistant Corporation Counsel with whom Robert Rigsby, Corporation Counsel at the time brief was filed and Charles Reischel, Deputy Corporation Counsel, were on brief for appellee.

Before RUIZ, GLICKMAN and WASHINGTON, Associate Judges.

WASHINGTON, Associate Judge:

This is a negligence case in which the trial court granted the defendant's motion for judgment as a matter of law. Appellant, Marilyn Majeska, contends that the trial court erred. We agree and reverse and remand for a new trial.

## I.

On July 31, 1995, Ms. Majeska was involved in an automobile accident when a Washington Metropolitan Area Transit Authority (WMATA) bus struck the side of her vehicle as she was crossing through the intersection of T and Water Streets, S.W. in Washington, D.C. Traffic was controlled in this intersection by two stop signs located on each side of T Street, which required traffic on T Street to stop before proceeding through the intersection. There were no stop signs restricting the flow of traffic on Water Street. Majeska was driving east on T Street heading towards the intersection on her way to work. It is undisputed that the stop sign that would have restricted Majeska from entering the intersection was missing. As Majeska entered the intersection her car was broadsided by a WMATA bus. Majeska suffered serious physical injuries and had no memory of the accident.

Majeska brought suit against the District of Columbia claiming that the District was negligent in failing to maintain the

Norman Schneider, Washington, DC, for the appellant.

stop sign and that this negligence was the proximate cause of her accident.[1] After the close of all evidence, but before a jury verdict, the District moved for judgment as a matter of law. The trial court granted the motion after concluding that Majeska did not establish that the missing stop sign was the proximate cause of her car accident. Majeska now appeals the trial court's decision.

## II.

We review a motion for judgment as a matter of law by applying the same standard as the trial court. *Pazmino v. Washington Metro. Area Transit Auth.,* 638 A.2d 677, 678 (D.C.1994). "A [motion for judgment as a matter of law] is proper only if there is no evidentiary foundation, including all rational inferences from the evidence, by which a reasonable juror could find for the party opposing the motion, considering all the evidence in the light most favorable to that party." *Id.* (citations omitted). When "viewing the evidence, the court 'must take care to avoid weighing the evidence, passing on the credibility of witnesses or substituting its judgment for that of the jury.' If it is possible to derive conflicting inferences from the evidence, the trial judge should allow the case to go to the jury." *Id.* (citations omitted). "The jury, however, may not be allowed to engage in idle speculation. 'Speculation is not the province of a jury, for the courts of this jurisdiction have emphasized the distinction between the logical deduction and mere conjecture.'" *Jones v. Safeway Stores, Inc.,* 314 A.2d 459, 460–61 (D.C.1974).

The primary issue on appeal is whether the trial court erred in granting the defendant's motion for judgment as a matter of law after concluding that Majeska failed to establish that the District of Columbia's failure to replace a missing stop sign was the proximate cause of her injuries. "Proximate cause is generally a factual issue to be resolved by the jury," however, it becomes a question of law "when the evidence adduced at trial will not support a rational finding of proximate cause." *Washington Metro. Area Transit Auth., et al., v. Davis,* 606 A.2d 165, 170 (D.C.1992) (citation and internal quotation marks omitted).

> Automobile collisions at street intersections nearly always present questions of fact. The credibility of witnesses must be passed on, conflicting testimony must be weighed, and inference must be drawn. From this conflict and uncertainty the trier of facts, whether judge or jury, must determine the ultimate facts of the case. Only in exceptional cases will questions of negligence, contributory negligence, and proximate cause pass from the realm of fact to one of law.

*District of Columbia v. Carlson,* 793 A.2d 1285, 1288 (D.C.2002) (quoting *Shu v. Basinger,* 57 A.2d 295, 295–96 (D.C.1948)).

"Proximate cause has two components: 'cause-in-fact' and a 'policy element' which limits a defendant's liability when the chain of events leading to the plaintiff's injury is unforeseeable or 'highly extraordinary' in retrospect." *Carlson,* 793 A.2d at 1288 (citation omitted). Based on the evidence presented at trial, a rational juror could find both that the missing stop sign

---

1. Ms. Majeska also brought a claim against WMATA alleging that WMATA was negligent in allowing a bus driver to drive recklessly and carelessly, to speed, to disobey traffic regulations and not pay attention. Subse-quently, the District cross-claimed against WMATA. Plaintiff later dismissed WMATA as a defendant in this case and the District's cross-claim was converted into a third-party claim.

was the cause-in-fact of the accident and that the accident was a foreseeable result of the missing stop sign. Therefore, the question should have been one for the jury.

## A. Cause–in–Fact

■ When determining whether the missing stop sign was the "cause-in-fact" of the accident, the plaintiff is not required to prove causation to a certainty, rather, this court applies the Restatement of Torts' "substantial factor" test. "The Restatement says that 'the actor's negligent conduct is a legal cause of harm to another if . . . his conduct is a *substantial factor* in bringing about the harm.'" *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 431 (1965) (emphasis added)).

Viewing the evidence in the light most favorable to the appellant as we must, there is sufficient evidence for a juror to conclude that the missing stop sign was the cause-in-fact of the accident. The evidence showed that the stop sign was missing and had been missing for several months. During her testimony, Majeska stated that it was her custom to pay attention to traffic control devices and stop for stop signs and that she approaches each intersection with a fresh eye, even if she had driven in the area before. Further, the bus driver testified that he never saw Majeska stop before entering the intersection. There is a general proposition that an individual is presumed to exercise reasonable care and obey the law. *See generally Stager v. Schneider*, 494 A.2d 1307, 1311 (D.C.1985) (quoting J. DOODLEY, MODERN TORT LAW § 4.18 at 115 & n. 1 (1982)); *see also Civil Jury Instructions for the District of Columbia*, No. 5–5 (1998). This proposition is seen in our *Carlson* opinion, where we noted that a reasonable juror could infer "from all the evidence, that a driver in [the appellant's] position would

normally see and obey a traffic signal if it were operating properly." *Carlson,* 793 A.2d at 1289. We therefore think that a reasonable jury could indulge the presumption that the absence of a traffic signal at an intersection would render it less likely that a driver would stop before entering the intersection. That presumption would have been corroborated by Majeska's testimony, which for present purposes we must assume the jury would have credited. In light of this evidence, and the reasonableness of the general presumption that a driver would be less likely to stop where there is not a stop sign, the jury could reasonably find that the missing stop sign was a substantial factor in the accident.

## B. Foreseeability

■ "The 'policy element' of proximate cause includes various factors which relieve a defendant of liability even when his actions were the cause-in-fact of the injury. We have held that a defendant may not be held liable for harm actually caused where the chain of events leading to the injury appears 'highly extraordinary in retrospect.'" *Carlson,* 793 A.2d at 1290 (quoting *Morgan v. District of Columbia,* 468 A.2d 1306, 1318 (D.C.1983) (en banc)). "Although the intervening act of another makes the causal connection between the defendant's negligence and the plaintiff's injury more attenuated, such an act does not by itself make the injury unforeseeable. '[A] defendant will be responsible for the damages which result, despite the intervention of another's act in the chain of causation, if the danger of an intervening negligent or criminal act should have been reasonably anticipated and protected against.'" *Id.* (quoting *Lacy v. District of Columbia,* 424 A.2d 317, 323 (D.C.1980)).

Our decisions in *Wagshal v. District of Columbia* and *Carlson* parallel this case

and are dispositive on the issue of foreseeability. In *Wagshal,* we concluded that "[a] jury could reasonably find from the evidence presented in this case that a collision was the natural and probable consequence of the failure to repair the stop sign." *Wagshal v. District of Columbia,* 216 A.2d 172, 175 (D.C.1966). In *Carlson,* based on the reasoning in *Wagshal,* we concluded that "a jury could reasonably conclude that the accident was a foreseeable consequence of the District's failure to repair the non-functioning traffic light . . . ." *Carlson,* 793 A.2d at 1291. Based on these prior decisions and the facts presented during the trial, a juror could reasonably conclude that accident was a foreseeable result of the missing stop sign.

## III.

The District contends that the missing stop sign could not have been the cause-in-fact of the accident. The District chiefly relies upon *District of Columbia v. Freeman,* 477 A.2d 713 (D.C.1984) for the propositions that a missing stop sign cannot be the proximate cause of the accident if (1) the appellant was familiar with the area and the intersection and knew of its dangers and (2) the weather was clear and the appellant had an unobstructed view of the intersection. The District's reliance on *Freeman* is misplaced. In *Freeman,* the court concluded that a missing crosswalk warning sign was not the proximate cause of an automobile-pedestrian accident in part because the crosswalk itself, not the warning sign created the legal duty to stop. *Id.* at 717. In this case, however, the missing stop sign created the legal duty to stop—it "had 'legal significance' because, if it had been [up], it 'would have placed approaching motorists under a legal duty to stop at the intersection.'" *Carl-*

*son,* 793 A.2d at 1291 (citation omitted). Thus, *Freeman* is not analogous to our case. The District also asserts that the missing stop sign could not have been the proximate cause of the accident because Majeska had a legal duty to yield to traffic on her right. This argument presents intensely factual questions, which the jury would first have to resolve before determining its impact on proximate causation. Therefore, it is inappropriate for resolution as a matter of law at the summary judgment stage.

The District also suggests that even if we conclude that the missing stop sign was the proximate cause of the accident, we should still affirm the trial court's ruling but under a theory that the appellant's contributory negligence bars her recovery. Only in exceptional circumstances will the question of contributory negligence be one of law, rather than a question for the jury. *Carlson,* 793 A.2d at 1288. "Our standard of review . . . 'is whether, on the best view of the plaintiff's evidence, fair and reasonable [jurors] would be compelled to conclude . . . that [Majeska] was contributorily negligent, keeping in mind that the District had the burden of proof on that issue." *Haight v. District of Columbia,* 783 A.2d 590, 594 (D.C.2001) (citations omitted). "It is settled that when a motorist inexcusably fails to yield the right of way at an intersection, in violation of traffic regulations, the motorist is negligent as a matter of law." *Davis,* 606 A.2d at 173. The District contends that the evidence shows both vehicles approached the intersection at the same time, thus the vehicle on the left, Majeska's vehicle, should have yielded to the bus, which was on her right in accordance with District of Columbia Municipal Regulation title 18 § 2208.1 (1987).[2] Viewing the evidence in

---

**2.** "When two (2) vehicles approach or enter     an intersection from different highways at

the light in the most favorable to Majeska, we cannot say that as a matter of law she was contributorily negligent. The bus driver stated that he never saw Majeska's vehicle stop before entering the intersection and that both Majeska's vehicle and the bus entered the intersection at approximately the same time. Pictures entered into evidence showed that the side of Majeska's vehicle was struck by the bus. A reasonable juror could infer, based on the pictures, that Majeska approached and entered the intersection prior to the bus. Thus, reasonable jurors could disagree on who approached and entered the intersection first.

The District also contends that Majeska was contributorily negligent because she failed to maintain a proper lookout while driving. To support this proposition, the District cites to cases that hold that "[i]n an intersectional collision case, a plaintiff is contributorily negligent as a matter of law if he failed to look or 'purportedly looked, but fail[ed] to see what the evidence conclusively shows was there to be seen.'" *Haight v. District of Columbia*, 783 A.2d 590, 594 (D.C.2001); *see also Washington v. A & H Garcias Trash Hauling Co.*, 584 A.2d 544, 546–47 (D.C.1990); *Mitchell v. Allied Cab Company*, 133 A.2d 477, 479 (D.C.1957). However, "unless it is undisputed that [the driver] did not look or unless '[s]he purportedly looked, but failed to see what the evidence *conclusively* shows was there to be seen,' contributorily negligence is an issue for the jury." *Id.* at 595 (emphasis in original). In this case, the District produced no evidence that Majeska failed to look or failed to see that the bus was there. Furthermore, we are reluctant to conclude that someone who may have been properly in the intersection was contributorily negligent as a matter of law for failing to keep a proper lookout for

dangers. In fact, our case law supports the proposition that an individual is presumed to exercise reasonable care and obey the law. Thus, if the jury concludes that Majeska approached or entered the intersection first, it is reasonable that Majeska could assume the bus driver would yield to traffic already in the intersection. Therefore, the question of contributory negligence was a question of fact for the jury.

We therefore conclude that there was sufficient evidence for the jury to find both that the missing stop sign was the cause-in-fact of the accident and that the accident was a foreseeable result of the missing stop sign. Furthermore, based on the differing inferences that could be made from the evidence presented during trial, the question of contributory negligence was one for the jury. Thus, the trial court erred in granting the District's motion for judgment as a matter of law.

Accordingly, the judgment of the trial court is reversed and the case is remanded for a new trial.

*So ordered.*

approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." 18 D.C.M.R § 2208.1 (1997).