Theodore R. BERGSTROM and Thermograte Enterprises, Inc., Appellees,

v.

SEARS, ROEBUCK AND CO. and Cardinal Foundry & Supply Company, Appellant.

No. 78–1779.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1979.

Decided June 14, 1979.

D. Dennis Allegretti, Allegretti, Newitt, Witcoff & McAndrews, Chicago, Ill. (ar-gued), and Charles E. Steffey, Schroeder, Siegfried, Ryan, Vidas & Steffey, Minneapolis, Minn., on brief, for appellant.

John D. Gould, Merchant, Gould, Smith, Edell, Welter & Schmidt, P. A., Minneapolis, Minn. (argued), and Douglas J. Williams, Minneapolis, Minn., on brief, for appellees.

Before BRIGHT and STEPHENSON, Circuit Judges, and BOGUE,[*] District Judge.

PER CURIAM.

Plaintiffs Theodore R. Bergstrom and Thermograte Enterprises, Inc. began an action in 1975 against Defendants Sears, Roebuck and Co. and Cardinal Foundry and Supply Company alleging patent infringement, deceptive trade practices, and unfair competition concerning the sale of fireplace grates. In their Answer the Defendants denied infringement and affirmatively pleaded the invalidity of the patent. Pursuant to Defendants' motion and under Federal Rule of Civil Procedure 42(b), the trial court [1] ordered that the Defendants' claim of patent invalidity under 35 U.S.C. § 102(b) be separately tried. The trial on the counterclaim resulted in a judgment that the patent is not invalid under 35 U.S.C. § 102(b). *See Bergstrom v. Sears, Roebuck and Co.*, 457 F.Supp. 213 (D.Minn. 1978). The trial court then certified its judgment under Federal Rule of Civil Procedure 54(b) for appeal to this court.

Federal Rule of Civil Procedure 54(b) gives the trial court the discretion to direct the entry of a final judgment upon one but fewer than all the claims in a cause of action involving more than one claim or multiple parties when the court makes an express determination that there is no just reason for delay. The trial court so certified in this case. The only question presented by the trial court's certification in the instant case is whether the judgment certified was a final judgment. The trial court cannot transform a judgment which would not be final into a final judgment by

---

[*] The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

the certification process. *See, e. g.,* 6 Moore's Federal Practice, ¶ 54.41[3]; *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 440–443 (3rd Cir. 1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978).

 The trial court's judgment that 35 U.S.C. § 102(b) does not operate as a statutory bar to Plaintiffs' claim of patent infringement does not constitute a final judgment. While the judgment was not final and therefore was not appropriately certified under Federal Rule of Civil Procedure 54(b), it appears that the trial court would have certified the interlocutory order under 28 U.S.C. § 1292(b) and this Court would have accepted jurisdiction. *See, e. g.,* 9 Moore's Federal Practice ¶ 110.22[5] and *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). Although we recognize that the conversion of a Rule 54(b) certificate into an interlocutory order under 28 U.S.C. § 1292(b) is an unusual procedure, we find that the case and the issue before us is an appropriate one for such a conversion. The interests of judicial economy and the litigants are best served by this Court's acceptance of jurisdiction. We therefore undertake to review the trial court's determination that 35 U.S.C. § 102(b) does not operate as a statutory bar in the instant case.

On appeal the Defendants do not contend that the District Court's findings of fact are clearly erroneous. Instead, they argue that the trial court erred in its legal conclusions. Specifically, the sole issue on appeal is whether Bergstrom's conduct more than one year before the applicable filing date placed his invention on sale and therefore operated as a statutory bar under 35 U.S.C. § 102(b).[2]

 Bergstrom filed an application for a patent on the design of a tubular steel fireplace grate on December 14, 1971.

Therefore, the "critical date" for analyzing Bergstrom's conduct is the year of December 14, 1970 to December 14, 1971. The relevant facts about which the legal dispute centers involve Bergstrom's correspondence to Peter Dryden, the editor of the "Parade of Progress" column which appeared in the Parade magazine. Dryden's "Parade of Progress" column described new products and inventions. Individuals were not charged for the publicity which they received through Dryden's column. A typical write-up in the "Parade of Progress" column included a photograph of the product, a paragraph describing the product including the name and address of the manufacturer and price information.

Bergstrom wrote a letter to Peter Dryden with the intention of persuading Dryden to do a write-up of his fireplace grate in his "Parade of Progress" column. His first letter to Dryden was sent in September or October of 1970. It included the information that: "The item can be obtained from Thermograte Enterprises, 51 Iona Lane, St. Paul, Minn. 55117 for $49.95 + shipping charges." The trial court found, among other things, that Bergstrom did not write to Dryden as a prospective purchaser of the fireplace grate. *See, Bergstrom v. Sears, Roebuck and Co., supra,* at 217–219. In late November of 1970 Bergstrom wrote a second letter to Dryden concerning his invention because the information contained in his first letter was out-of-date by that time. Bergstrom received no reply to either letter which he had sent to Dryden and Dryden has no recollection of receiving the letters. No information concerning Dryden's product appeared in the "Parade of Progress" column. Bergstrom's correspondence with Dryden was the only activity prior to December 14, 1971 which could arguably be construed as placing his invention on sale. The trial court concluded that the communications to Dryden were insuffi-

---

2. On appeal, Defendants have abandoned their contentions that the invention was either disclosed in a printed publication or in public use more than one year before the filing date of the application for patent. Additionally, appellants are not appealing from the trial court's findings and conclusions concerning Bergstrom's communications with Frank Kelley, a publisher's representative for Sunset Magazine.

cient to place the product on sale. It is this conclusion which the appellants attack.

The trial court concluded that in order for Bergstrom's invention to be classified as "on sale" that: (1) the patentee must have had a present intent to sell, and (2) that intent must have been communicated to a prospective purchaser for the purpose of eliciting a sale, and not for some other reason. *Bergstrom v. Sears, Roebuck and Co., supra*, at 223. We agree with the trial court's well-reasoned conclusions of law concerning the "on sale" provisions of § 102(b) and their application to this case. *Bergstrom v. Sears, Roebuck and Co., supra*, at 223–224. In affirming we therefore adopt the district court's conclusions of law pertaining to the "on sale" provisions of § 102(b) as those conclusions apply to the facts of this case.

Judgment affirmed.