**Jose DeMELO and Marie DeMelo, Petitioners,**

v.

**WOOLSEY MARINE INDUSTRIES, INC., Respondent.**

**No. 82–9059.**

United States Court of Appeals, Fifth Circuit.

May 24, 1982.

Norman Breland, Gulfport, Miss., Victor B. Pringle, Biloxi, Miss., Joshua M. Morse, III, Tallahassee, Fla., for petitioners.

Robert C. Galloway, Gulfport, Miss., for George Eng.

George F. Bloss, III, Gulfport, Miss., for Woolsey Marine.

W. F. Holder, II, Gulfport, Miss., for U. S. F. & G.

Richard P. Salloum, Gulfport, Miss., Walter E. Ross, Floyd G. Hewitt, Jr., Biloxi, Miss., for Toche Marine.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

This case is before us on the application of petitioners Jose, and wife Marie, DeMelo for leave to appeal under 28 U.S.C. § 1292(b) from the district court's order entered March 9, 1982, confirming, and overruling the DeMelos' motion to reconsider, its previous order sustaining the plea to the jurisdiction of defendant Woolsey Marine Industries, Inc. ["Woolsey"].

The DeMelos, Portuguese nationals legally resident in Mississippi, sued Woolsey, Toche Marine, Inc. ["Toche"] and George Engine Company, Inc. ["George Engine"] for personal injuries in the United States District Court for the Southern District of Mississippi asserting diversity and maritime jurisdiction. The DeMelos' suit alleged, in substance, that Jose was injured at the Biloxi, Mississippi plant of his employer, Toche, when paint manufactured by Woolsey ignited while he was spray painting a boat which Toche was building for George Engine. Recovery was sought against Woolsey on the assertion that the paint was defective and that there were inadequate warnings concerning its dangerous characteristics. Woolsey, a New York corporation, was served under the Mississippi "long arm" statute. Finding that Woolsey had never done business in Mississippi and that the paint, though manufactured by Woolsey, was purchased by Toche in Louisiana from a Woolsey distributor, the district court granted Woolsey's motion to dismiss on the ground that "Woolsey has never had that minimal contact with the State of Mississippi to accord this suit the benefit of due process." It certified to this Court "pursuant to 28 U.S.C. Section 1292(b)" the question of its "personal jurisdiction ... over Woolsey," reciting in its order the appropriate findings called for by section 1292(b). The district court made no explicit reference to Fed.R.Civ.P. 54(b). The DeMelos' claims against Toche and George Engine remain pending in the district court.

As the order in question disposed of all claims against Woolsey, it clearly had the requisite finality to be appealable under 28 U.S.C. § 1291, had the district court made a proper certification under Rule 54(b). *Farrell v. Piedmont Aviation, Inc.*, 411 F.2d 812 (2d Cir.), *cert. denied*, 396 U.S. 840, 90 S.Ct. 103, 24 L.Ed.2d 91 (1969); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2656, at 43 (1973).

Here, however, the certificate and purported appeal are pursuant to section 1292(b), rather than Rule 54(b), and, as it relates to our jurisdiction, we raise the question of whether we may hear the appeal under these circumstances. Our holding is that we may.

■ It is settled that Rule 54(b) is limited to orders that would be "final" if entered in a simple single-claim, two-party case. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). By contrast, section 1292 (entitled "Interlocutory decisions") is clearly directed at orders which are interlocutory in nature. *See Johnston v. Cartwright,* 355 F.2d 32, 38 (8th Cir. 1966). Does the fact that the order could properly be certified under Rule 54(b) render it sufficiently "final" to preclude resort to section 1292(b), even though no Rule 54(b) certificate is made? Or, is the order interlocutory and subject to section 1292(b) by reason of the fact that in the absence of a Rule 54(b) certificate it cannot be appealed under 28 U.S.C. § 1291 and remains subject to revision by the trial court? As Judge Wisdom has observed, "[e]ven learned commentators are of two minds on this point." *Local P–171, etc. v. Thompson Farms Co.,* 642 F.2d 1065, 1069 n. 4 (7th Cir. 1981).

The view that a potential Rule 54(b) order may not be made the subject of a section 1292(b) appeal is articulated in 10 Wright & Miller, *supra,* § 2658 at 62, as follows:

"Nonetheless, Section 1292(b) and Rule 54(b) are mutually exclusive. The former applies only to orders that would be considered interlocutory even if presented in a simple single-claim, two-party case. Rule 54(b), as stated above, applies only to adjudications that would be final under Section 1291 if they occurred in an

action having the same limited dimensions. Therefore, if an order is final under Section 1291, Section 1292(b) cannot apply and resort must be had to Rule 54(b) in the multiple-party or multiple-claim situation." [Footnote omitted.]

This rationale is supported by the decision in *Luckenbach Steamship Co. v. H. Muehlstein & Co.,* 280 F.2d 755 (2d Cir. 1960), in which dismissal of a defendant's indemnity action against a third party was held not subject to appeal under section 1292(b), the court noting that "[t]he situation comes within the express terms of F.R. 54(b)," and that the requisite Rule 54(b) certification had not been made.[1]

A somewhat similar approach is espoused in the Advisory Committee's Note accompanying the proposed 1961 amendments to Rule 54(b), *viz.*:

"There has been some recent indication that interlocutory appeal under the provisions of 28 U.S.C. § 1292(b), added in 1958, may now be available for the multiple-parties cases here considered. *See Jaftex Corp. v. Randolph Mills, Inc.,* 282 F.2d 508 (2d Cir. 1960). The Rule 54(b) procedure seems preferable for those cases, and § 1292(b) should be held inapplicable to them when the rule is enlarged as here proposed. *See Luckenbach Steamship Co., Inc. v. H. Muehlstein & Co., Inc.,* 280 F.2d 755, 757 (2d Cir. 1960); 1 *Barron & Holtzoff, supra,* § 58.1, p. 321 (Wright ed. 1960)."[2]

The contrary analysis is well expressed as follows in 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: Jurisdiction § 3929, at 147 (1977):

"Civil Rule 54(b) provides that no judgment disposing of less than all the claims as to all of the parties is final, unless the district court explicitly determines there is no just reason for delay and expressly orders entry of judgment. Since the Rule itself provides that absent such en-

---

1. However, the *Luckenbach* opinion also indicates that the Second Circuit would likely have considered the giving of a Rule 54(b) certificate an abuse of the trial court's discretion. *Id.* 280 F.2d at 758, 759.

2. The Advisory Committee's view as to the inapplicability of section 1292(b) after the 1961 amendments seems not so much based on a theory of "inherent" finality as it does on the fact that another, preferable, route to prompt appeal will be available by virtue of Rule 54(b) as amended.

try of judgment, any order disposing of less than all the claims or parties is not final, § 1292(b) should be available to permit certification and appeal." [Footnote omitted.]

To the same effect is 6 Moore's Federal Practice ¶ 54.30[2.–2], at 455.[3] The opinion in *Thompson Farms*, 642 F.2d at 1069 n. 4, states that this analysis "seems preferable." Our per curiam opinion in *Benada Aluminum Products Co. v. Home Insurance Co.*, 368 F.2d 1001 (5th Cir. 1966), appears to assume that availability of certification under Rule 54(b) does not preclude resort to section 1292(b). Other decisions at least inferentially support this view. *See Jaftex Corp. v. Randolph Mills, Inc.*, 282 F.2d 508 (2d Cir. 1960);[4] *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289 (8th Cir. 1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976); *Williams v. Pacific Maritime Association*, 421 F.2d 1287 (9th Cir. 1970).[5]

The issue was squarely faced in *Sass v. District of Columbia*, 316 F.2d 366 (D.C.Cir. 1963), where the district court certified under section 1292(b) its order dismissing the defendant's complaint against a third party. The Court of Appeals recognized that the district court could have allowed the appeal under Rule 54(b), stated that "the better practice" was to follow Rule 54(b) and expressed its agreement with the above-quoted portion of the Advisory Committee's Note accompanying the 1961 amendments to the rule. Nevertheless, the Court had "no doubt" of its power to accept the appeal under section 1292(b), and did so.[6] The authorities were reviewed at length in *Gunter v. Hutcheson*, 497 F.Supp. 362 (N.D.Ga. 1980), and the district court concluded that it had authority to certify under section 1292(b), despite the fact that the order in question could also have been made immediately appealable under Rule 54(b). The Eleventh Circuit accepted the section 1292(b) appeal without discussion of the jurisdictional issue. *Gunter v. Hutcheson*, 674 F.2d 862 (11th Cir. 1982).

■ In our view the *Sass* approach is correct. Nothing in the language of section 1292(b) precludes its application to this class of case. Any requirement that the order be interlocutory is met by reason of the absence of a Rule 54(b) certificate. While we fully agree with the Advisory Committee that use of Rule 54(b) is clearly preferable, we also agree with *Sass* and *Gunter* that such preference does not render section 1292(b) inapplicable.[7] We are also mindful that "practical, not technical, considerations are to govern the application of principles of finality" and that we should not "exalt form over substance" to dismiss appeals. *Jetco Electronic Industries, Inc. v. Gardiner*, 473 F.2d 1228, 1231 (5th Cir. 1973).[8] Except

---

**3.** "But even though the adjudication is 'final' and within the coverage of Rule 54(b), if the district court does not make the express determination and express direction, the order remains interlocutory and, if not appealable as of right, then literally it should be reviewable under § 1292(b) if the order meets the criteria of that statute." [Footnote omitted.]

**4.** While *Jaftex* was decided before the 1961 amendments to Rule 54(b), the rule would appear to have been no less available in *Jaftex* than in *Luckenbach*.

**5.** *Cf. Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1140 (8th Cir. 1976), in which an order dismissing one of several defendants as to which an injunction was sought was held appealable under section 1292(a)(1) although a section 1291 appeal could have been taken if the trial court had given a Rule 54(b) certificate.

**6.** *See also Courembis v. Independence Avenue Drug Fair, Inc.*, 316 F.2d 658 (D.C.Cir.1963), in which the court, in dismissing an attempted appeal from the dismissal of the defendant's third-party complaint, seems to have assumed that the appeal would have been proper had the district court certified *either* under Rule 54(b) *or* under section 1292(b), and cites *Sass* with apparent approval.

**7.** And, we doubt the propriety of holding that the 1961 amendments to Rule 54(b) also amended section 1292(b). *See* Moore, *supra*, ¶ 54.30[2.–1].

**8.** *Cf. PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 676 n. 1 (5th Cir. 1973), where we allowed an appeal under section 1292(b) even though the order was arguably appealable under section 1292(a)(1) and despite the fact that technically section 1292(b) does not apply to orders "otherwise appealable under" section 1292.

*See also Cobb v. Lewis*, 488 F.2d 41, 55 (5th Cir. 1974) (application for interlocutory appeal treated as notice of appeal).

in an unusual case (such as *Gunter*), it may safely be assumed that if we refuse the section 1292(b) appeal because no Rule 54(b) certificate was given, the trial court will thereupon give the required certificate, and we will once more have the appeal. No good purpose is served by such an exercise in formalism. The matters to be found by the district court in a certification under section 1292(b) embrace the substance of all considerations favoring present appealability which are to be found in a Rule 54(b) certificate. *Thompson Farms*.[9] We agree with the statement in Wright, Miller, Cooper & Gressman, *supra*, § 3929, at 149:

"Surely if the court would have been prepared to review a judgment under Rule 54(b), it achieves little to deny § 1292(b) review and compel entry of judgment. Compliance with the more demanding standards of § 1292(b) should be sufficient." [Footnote omitted.]

For the same reasons, we hold that in exercising our discretion as to whether to permit a section 1292(b) appeal in a case such as this which more appropriately would have come to us under Rule 54(b), we should generally allow the appeal unless we would have found a Rule 54(b) certification by the trial judge an abuse of discretion.[10] *See Curtiss-Wright Corporation v. General Electric Company*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Again, generally there is simply no good purpose to be served

**9.** We recognize that *Luckenbach* and *School Dist. of Kansas City v. State*, 592 F.2d 493 (8th Cir. 1979), are to the contrary in their holdings that a section 1292(b) certificate cannot be made to serve the function of a Rule 54(b) certificate. We respectfully disagree, and prefer the reasoning of *Thompson Farms*.

We observe that the requirements of a section 1292(b) certificate are more stringent than those for a Rule 54(b) certificate in a case to which the rule is applicable. Particularly relevant in this connection is the requirement of section 1292(b) that the certified question be one of "law as to which there is substantial ground for difference of opinion." As is noted in Wright, Miller, Cooper & Gressman, *supra*, § 3929, at 149:

"[I]f judgment has been entered under Rule 54(b) in circumstances that do not justify application of the rule, it is comparatively easy to conclude that the entry of judgment should not of itself support appeal under the more demanding criteria of § 1292(b), absent an alternative finding of the recitals required by the statute." [Footnote omitted.]

Nevertheless, there is language in *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 745, 96 S.Ct. 1202, 1207, 47 L.Ed.2d 435, 442 (1976), intimating that a Rule 54(b) certificate might satisfy the requirements of section 1292(b). And, such a procedure was allowed in *Bergstrom v. Sears, Roebuck And Co.*, 599 F.2d 62, 64 (8th Cir. 1979). Contrary decisions were rendered in *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 966 (9th Cir. 1981), and *West v. Capitol Fed. Sav. & Loan Ass'n*, 558 F.2d 977, 982 (10th Cir. 1977). We need not here determine this issue, though we observe that, as above-stated, there are substantive considerations embraced in a section 1292(b) certificate which are not addressed by a certificate under the rule. Our point is simply that

the opinions indicating that compliance with Rule 54(b) will satisfy section 1292(b) support our holding here, and that such holding is not contrary to those decisions which refuse to find a Rule 54(b) certificate sufficient to meet section 1292(b).

It is often a close question whether a case falls within the parameters of Rule 54(b). *See, e.g., Morrison-Knudsen Co., Inc. v. Archer, supra*. In any such case, if the trial court desires to allow prompt appeal, it would be well advised not only to certify under Rule 54(b) but also to alternatively certify under section 1292(b), provided the "controlling question of law as to which there is substantial ground for difference of opinion" requirement is met. *See, e.g., Civil Aeronautics Bd. v. Tour Travel Enterprises*, 605 F.2d 998, 1002–03 (7th Cir. 1979); *Control Data Corp. v. International Business Mach. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970); Wright & Miller, *supra*, § 2658, at 62 ("[I]n many cases it is not clear whether an adjudication has the requisite finality to comply with Rule 54(b), so that it may be appropriate for a district judge to certify under the rule and the statute [section 1292(b)] in an action with multiple claims or multiple parties." [Footnote omitted.] ).

**10.** An exception would likely be presented by a case such as *Gunter*, where the trial court has, presumably on the basis of "factors unrelated to the need for immediate appeal" (*Id.* 497 F.Supp. at 367), intentionally elected not to enter final judgment as contemplated by Rule 54(b). We do not pass on whether or under what circumstances factors such as the district court considered in *Gunter* may be a proper basis for electing to certify under section 1292(b) instead of under Rule 54(b).

by sending the case back to the trial judge to make a Rule 54(b) certificate, when he has already certified that prompt appellate resolution of the matter will materially advance the ultimate termination of the entire litigation.

There is nothing special about this particular case to indicate that our determination of whether to accept the appeal should be on a more restrictive basis than if the district judge's certificate had explicitly been under Rule 54(b). Had it been so, it would not have been an abuse of discretion.[11]

Accordingly, the application to appeal the district court's dismissal of the DeMelos' suit against Woolsey for want of personal jurisdiction over Woolsey is GRANTED.[12]

---

[11]. As indicated in note 9 above, were we to have decided that the availability of a Rule 54(b) certificate precluded resort to section 1292(b), we would be inclined to treat the section 1292(b) certificate as meeting the requirements of Rule 54(b), *Thompson Farms*, and to treat the application for leave to appeal under section 1292(b) as a notice of appeal. *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir. 1974).

[12]. The DeMelos also seek to appeal the district court's order denying their motion to amend their complaint to name Aetna Insurance Company (which was Woolsey's liability insurer) as a defendant. The district court did not make, and was not requested to make, any section 1292(b) (nor any Rule 54(b)) certificate in this regard, and such order is not appealable. *Fowler v. Merry*, 468 F.2d 242 (10th Cir. 1972);

---

*Hartford Fire Ins. Co. v. Herrald*, 434 F.2d 638 (9th Cir. 1970). *See Martin Oil Co. v. Gulf Ins. Co.*, 605 F.2d 197, 199 (5th Cir. 1979); *Minnesota v. Pickands Mather & Co.*, 636 F.2d 251 (8th Cir. 1980). So far as the DeMelos' application for leave to appeal or purported appeal includes the question of the district court's denial of their motion to amend to name Aetna Insurance Company as a defendant, the same is hereby denied and dismissed.

Additionally, the DeMelos ask us to stay all proceedings in the district court pending determination of their appeal herein. There is no allegation that such a request for stay has been presented to and denied by the district court. Accordingly, we decline to grant the requested stay.