IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60462
Summary Calendar

_____

PHYLLIS BODY McKEE,

Plaintiff-Appellant,

versus

KANSAS CITY SOUTHERN RAILWAY CO.;
ERIC W. ROBINSON; ROBERT E. EVERETT;
C. L. DUETT; CITY OF FOREST;
MISSISSIPPI DEPARTMENT OF TRANSPORTATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:99-CV-393-WS)

_____
November 23, 2001

Before JOLLY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Phyllis McKee was a passenger in a vehicle that was struck by a freight train at a crossing in Forest, Mississippi.  She filed an action in Mississippi state court against the railroad, the engineers, the conductor, the City of Forest, and the Mississippi Department of Transportation (MDOT), asserting various claims of negligence.  McKee and all of the defendants except the railroad are Mississippi residents.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The railroad defendants removed the action to federal court, maintaining that the district court had diversity jurisdiction because all of the defendants except the railroad had been fraudulently joined. The district court agreed and, on March 30, 2000, denied McKee's motion to remand. McKee filed a motion for reconsideration and a supplemental motion to remand, which the district court denied on March 19, 2001.

McKee filed a petition for permission to appeal the interlocutory orders denying remand and reconsideration pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Civil Procedure 54(b). The City of Forest and MDOT moved for entry of final judgment pursuant to Rule 54(b). On May 31, 2001, the district court granted the Rule 54(b) certification requested by the City of Forest and MDOT. Although the district court had not yet ruled on her petition for permission to appeal the orders denying remand and reconsideration, McKee filed a notice of appeal from those orders as well as the final judgment in favor of the City of Forest and MDOT.

On appeal, McKee contends that the district court erred by failing to remand the case to state court. McKee does not challenge on appeal the district court's ruling that her claims against the City of Forest and MDOT for inadequate signalization at the crossing are preempted by federal law. She argues, however, that the City of Forest and MDOT are liable under Mississippi law for their failure to keep the right of way along the road approaching the railroad crossing clear of overgrown vegetation

2

which obstructed the view of motorists. She also argues that the engineers and conductor were not fraudulently joined, because the train crew admitted that the engineer did not keep a proper lookout and there were competing affidavits on whether the train properly sounded its horn, bell, and whistle.

The district court did not make any Rule 54(b) or § 1292(b) certification as to its order denying remand. Accordingly, that order is not appealable. See DeMelo v. Woolsey Marine Industries, Inc., 677 F.2d 1030, 1035 n.12 (5th Cir. 1982). We therefore do not have jurisdiction over the district court's ruling that the engineers and conductor were fraudulently joined. We have jurisdiction only as to the Rule 54(b) dismissal of McKee's claims against the City of Forest and MDOT.

The district court correctly held that, under Mississippi law, the City of Forest and MDOT had no duty to keep the railroad's right-of-way approaching the crossing clear of vegetation which might obstruct the view of motorists. See Mississippi Central R. Co. v. Alexander, 152 So. 653, 656 (Miss. 1934) (municipality has no duty to maintain railroad crossing); Felter v. Texas Co., 86 So.2d 873, 873 (Miss. 1956) (municipality has no duty to maintain walkway located on private property). We therefore hold that the district court did not err by dismissing McKee's claims against the City of Forest and MDOT.

A F F I R M E D.

3