REVISED JUNE 18, 2002

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30306
_____


CHEVRON USA INC,

                    Plaintiff-Counter Defendant-Appellee,

     versus

SCHOOL BOARD VERMILION PARISH,

                    Defendant-Counter Claimant-Appellant


_____


TEXACO INC; TEXACO EXPLORATION & PRODUCTION INC.,

                    Plaintiffs-Counter Defendants-Appellees,

versus

SCHOOL BOARD VERMILION PARISH,

                    Defendant-Counter Claimant-Appellant


_____


AMERADA HESS CORP,

                    Plaintiff-Counter Defendant-Appellee,

versus

SCHOOL BOARD VERMILION PARISH,

                    Defendant-Counter Claimant-Appellant


_____


1

UNION OIL CO OF CALIFORNIA,

                    Plaintiff-Counter Defendant-Appellee,

versus

SCHOOL BOARD VERMILION PARISH,

                    Defendant-Counter Claimant-Appellant

                    ─────────────────────────

MOBIL OIL CORP; MOBIL OIL EXPLORATION &
PRODUCING SOUTHEAST INC.,

                    Plaintiffs-Counter Defendants-Appellees,

versus

SCHOOL BOARD VERMILION PARISH,

                    Defendant-Counter Claimant-Appellant

                    ─────────────────────────

EXXON MOBIL CORP,

                    Plaintiff-Counter Defendant-Appellee,

versus

MARSHALL W GUIDRY,

                    Defendant-Counter Claimant-Appellant

                    ─────────────────────────

EXXON MOBIL CORP,

                    Plaintiff-counter Defendant-Appellee,

2

versus

SCHOOL BOARD VERMILION PARISH,

Defendant-Counter Claimant-Appellant

---

Appeal from the United States District Court
for the Western District of Louisiana

---

June 17, 2002

Before GARWOOD, DeMOSS and DENNIS, Circuit Judges.

GARWOOD, Circuit Judge:

Chevron USA, Inc., Texaco, Inc., Amerada Hess Corporation, Union Oil Company of California, Mobil Oil Corporation, and Exxon Mobil Corporation (collectively the Oil Companies) filed individual suits for declaratory judgment against defendant-appellant Vermillion Parish School Board (the School Board). Exxon Mobil Corporation also filed a declaratory judgment suit against defendant-appellant Marshall W. Guidry (Guidry). (The School Board and Guidry are hereinafter referred to collectively as the Royalty Owners or the appellants.) These suits were filed in the United States District Court for the Western District of Louisiana pursuant to that court's diversity jurisdiction and were consolidated below. The Royalty Owners appeal the district court's grant of partial summary judgment in favor of the Oil Companies. Because we find that there is no appealable order properly before us, we dismiss the appeal.

3

**Facts and Proceedings Below**

The Royalty Owners are lessors who have royalty interests pursuant to mineral leases with the Oil Companies. In January 1999, the Royalty Owners sent individual letters to the Oil Companies alleging underpayment of royalties on natural gas liquids production and demanding accounting and payment to Royalty Owners and "all similarly situated royalty owners – all royalty and overriding royalty owners to whom you pay gas royalties in Louisiana." In July 2000, the Royalty Owners sent similar demand letters alleging underpayment of dry gas royalties.

In February 2000, pursuant to 28 U.S.C. § 2201, the Oil Companies filed their suits seeking declaratory judgment that, *inter alia*, the natural gas liquids demand letters were not effective under section 137 of the Louisiana Mineral Code to give the required written notice on behalf of the unnamed "similarly situated royalty owners." The Oil Companies' complaints were later amended to include the dry gas demand letters. The Oil Companies named only the School Board and Guidry individually as defendants. The Oil Companies did *not* purport to sue a putative class of "all similarly situated royalty owners" or any other putative class.

The School Board and Guidry each filed an answer on behalf of itself or himself and also a counterclaim "individually and as representative of a class of all others similarly situated" against each of the Oil Companies complaining of underpayment of royalties

4

on natural gas liquids and dry natural gas production.  The cases were all consolidated.  The record reflects that a motion by the School Board for leave to extend the time to file a motion for class certification was made and granted.  So far as the record reflects, no motion for class certification was ever filed and the district court never ruled upon any such motion and never expressly purported to grant or deny class certification.[1]

By order dated and entered January 29, 2001, the district court issued a memorandum ruling and entered partial summary judgment in favor of the Oil Companies.  Before the court were cross-motions for partial summary judgment.  The district court identified the two issues before it as

> "(1) whether the demand letters submitted by the Royalty Owners pursuant to the Louisiana Mineral Code constitute the required written notice for a class of complainants, the 'putative class' and (2) whether the contents of the demand letters were adequate or sufficient to put the Oil Companies on notice of the claims of the Royalty Owners individually, as well as the putative class." *Chevron USA, Inc. v. Vermillion Parish School Bd.*, 128 F. Supp. 2d 961, 964 (W.D. La. 2001).

However, the court only analyzed and only ruled upon the first issue.  The district court held that the demand letters were "legally insufficient to serve as written notice on behalf of unnamed royalty owners under article 137 of the Louisiana Mineral

---

[1]Nor does the record reflect any notice, or order directing notice, to class members or any designation of the School Board or Guidry or anyone else as a class representative.

Code." *Id*. at 968.[2] The court's judgment granted the motions for partial summary judgment filed by the Oil Companies and denied the cross-motions filed by the Royalty Owners. In the same order, the district court certified its ruling as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Royalty Owners on February 22, 2001 filed their notice of appeal from the January 29, 2001 order and judgment. All the parties expressly agree that the district court's ruling did not address or resolve the question whether the demand letters were sufficient to give the Oil Companies notice, under section 137 of the Louisiana Mineral Code, of the claims of the Royalty Owners as *individuals*.

## Discussion

The parties assert that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. This court is obliged to examine the basis of its own jurisdiction, *sua sponte* if necessary. *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985). We do not have jurisdiction to hear this appeal because there is no appealable order properly before us.

---

[2]Article 137 of the Louisiana Mineral Code, La.R.S. 31:137, enacted in 1974 effective January 1, 1975, provides as follows:

> "**§ 137. Nonpayment of royalties; notice prerequisite to judicial demand**
>
> If a mineral lessor seeks relief for the failure of his lessee to make timely or proper payment of royalties, he must give his lessee written notice of such failure as a prerequisite to a judicial demand for damages or dissolution of the lease."

6

The only parties before us are the School Board and Guidry as appellants and the Oil Companies as appellees. Counsel for the appellants do not claim to be in this court as court appointed representatives of any class of similarly situated royalty owners; nor do they claim or purport to be appealing a denial of class certification. The appellants press their argument that the demand letters provided sufficient notice on behalf of the putative class and urge that the district court erred in holding that they were insufficient to provide such notice under the Louisiana Mineral Code. The School Board and Guidry individually lack standing to present this argument. The district court, in the order that it certified pursuant to Rule 54(b), made no ruling that was binding on the appellants individually. The court did *not* rule that the demand letters were insufficient as to the *appellants*' claims; it merely ruled that the letters were insufficient as to claims on behalf of a putative class (of royalty owners not named in the letters) that did not include appellants. No putative class was ever certified and none is before us. The district court's ruling had no effect on the rights of the appellants who are before this court to pursue their individual claims. Nor does the district court's order affect the rights of appellees vis-a-vis any member of any putative class, because no member of any putative class was before the district court (and none is before this Court) since

7

no class action was certified, and hence no member of any putative class is bound by the judgment.

Arguably, the district court's order was a *de facto* denial of class certification (although the parties have not treated it as such, and no motion for class certification was ever filed). But reading the order in that light would not ultimately change our finding of no jurisdiction, even assuming that appellants, as putative class representatives, would have standing to appeal a denial of class certification. A decision denying class certification is interlocutory in nature. *Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 389 (5th Cir. 1989). 28 U.S.C. § 1292(b) governs the appealability of interlocutory decisions and parties may not resort to 28 U.S.C. § 1291 and Rule 54(b) to make such a decision appealable. *See DeMelo v. Woolsey Marine Industries, Inc.*, 677 F.2d 1030, 1032 (5th Cir. 1982). "Section 1292(b) and Rule 54(b) are mutually exclusive." *Id.* (quoting 10 Wright & Miller, Federal Practice and Procedure: Civil §§ 2656, at 43 (1973)).

Federal Rule of Civil Procedure 23(f) also provides for appeal of a denial of class certification.[3] Section 1292(b) provides that, for an interlocutory decision to be appealable,

---

[3]Rule 23(f) states in relevant part: "A court of appeals may in its discretion permit an appeal from an order of the district court granting or denying class action certification under this rule *if* application is made to it within ten days after the entry of the order." (emphasis added).

8

the district court shall "state in writing" that "such order involves a controlling question of law . . . and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Both Section 1292(b) and Rule 23(f) require that the party seeking appeal of the order make application to the court of appeals within ten days of the entry of the order and that the court of appeals may, in its discretion, grant permission for such appeal. Even if the district court's purported Rule 54(b) certification satisfies Section 1292(b)'s written statement requirement, neither appellant made application to this court within ten days of the district court's January 29, 2001 order to appeal any denial of class certification. Nor have we purported to permit any such appeal. *Cf. Garonzik v. Shearson Hayden Stone Inc.*, 574 F.2d 1220 (5th Cir. 1978) (*per curiam*) ("[W]e often refuse to accept an appeal of the denial of class certification, even when, as in this case, the district court certified the issue as controlling under Rule 54(b)."). A denial of class certification is not properly before us.

## Conclusion

This court is without jurisdiction because there is no appealable order properly before us. Accordingly, we express no judgment on the substantive merits and DISMISS this appeal.

DISMISSED

9

ENDRECORD

DENNIS, Circuit Judge, concurring:

Although I agree with the majority's conclusion that there is no appealable order before us, I write separately to point out that the district court apparently lacked jurisdiction for its ruling and that its order therefore may not be binding the putative class.  The district court's ruling purports to affect only the uncertified, unrepresented putative class.  Because that class was not before the district court and the appellants had no standing to represent their interests, the motion for summary judgment presented no case or controversy on which the district court have could ruled.

There are at least three elements necessary to establish constitutional standing.[4]  First, the plaintiff must have suffered an "injury in fact."[5]  Second, there must be a causal connection between the injury and the alleged wrongful conduct.  The injury must be fairly traceable to the defendant's conduct and not the result of an independent action by some third party not before the court.[6]  Finally, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."[7]

---

[4] Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Henderson v. Stalder, 287 F.3d 374, 384 (5th Cir. 2002).

[5] Lujan, 504 U.S. at 560.

[6] Id.

[7] Id. at 561.

11

Even assuming that the Oil Companies have suffered an injury in fact, the district court lacked jurisdiction under both the second and third standing elements. The district court's partial summary judgment ruling states only that the putative class has not given adequate notice of their claims under state law; it does not purport to affect the adequacy of the appellants' notice or any other substantive claims that the appellants might have. Thus, the only persons who could be prejudiced by the district court's ruling are nonparties, namely, the absent and unrepresented putative class members. To bind the class to such a judgment would contravene "the general rule that a person cannot be bound by a judgment in litigation to which he is not made a party or in which he is not served with process."[8] Because the district court could not bind the putative class, it could not redress the alleged injury and therefore had no case or controversy before it.

Although some of the claims in the various complaints involve justiciable controversies among the actual parties, we must separately evaluate standing for each claim that is before us.[9] Thus, while the Oil Companies might have standing in the

---

[8] Tennessee ex. rel. Sizemore v. Surety Bank, 200 F.3d 373, 381 (5th Cir. 2000) (citing Zenith Radio Corp. v. Hazeltine Research Inc., 395 U.S. 100, 110 (1969) ("[A] person cannot be bound by a judgment in litigation to which he is not made a party or in which he is not served with process.")).

[9] See Penderson v. La. State Univ., 213 F.3d 858, 874 (5th Cir. 2000) (holding that justiciability must be analyzed separately on the

12

district court to challenge the adequacy of the <u>appellants'</u> notices, there was no standing for the Oil Companies to assert claims against the putative class. The fact that the appellants have counterclaimed with a class action is inapposite. This is not a case in which the district court ruled on the merits of claims affecting the entire class (including the appellants) before reaching the issue of class certification.[10] Rather, the district court's ruling is directed exclusively at whether notice was given by the uncertified, putative class. Because there is no case or controversy between the Oil Companies and the named appellants over this issue, the district court had no authority to reach this issue before ruling on certification.[11]

Nevertheless, despite this apparent flaw in the district court's order, I agree with the majority's conclusion that we

---

issues of money damages and the propriety of equitable relief); <u>see also</u> <u>Scott v. Maggio</u>, 695 F.2d 916, 920-22 (5th Cir. 1983) (determining that the habeas petitioner had no standing to challenge the warrantless entry of police at someone else's home, but reviewing other justiciable controversies in the case).

[10] <u>See, e.g.</u>, <u>Floyd v. Bowen</u>, 833 F.2d 529, 534 (5th Cir. 1988) (holding that the district court did not err in dismissing the named plaintiffs' claims on summary judgment before reaching the issue of class certification); <u>see also</u> 7B Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 1785, at 128 (2d ed. 1986) (stating that, in certain circumstances, a district court may rule on the merits of a class claim before reaching the issue of class certification).

[11] <u>See</u> <u>O'Shea v. Littleton</u>, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."); <u>Penderson</u>, 213 F.3d at 872 n.14.

13

lack the authority to vacate the ruling because there is no

appealable order before us.[12]

_____

    [12] See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94
(1998) ("On every writ of error or appeal, the first and fundamental
question is that of jurisdiction, first, of this court, and then of the
court from which the record comes."); Accoustic Sys., Inc. v. Wenger
Corp., 207 F.3d 287, 290 n.2 (5th Cir. 2000) (holding that this court
lacked preliminary authority to review the district court's jurisdiction
because there was no immediately appealable order before the court).