GARWOOD, Circuit Judge:
Chevron USA, Inc., Texaco, Inc., Amer-ada Hess Corporation, Union Oil Company of California, Mobil Oil Corporation, and Exxon Mobil Corporation (collectively the Oil Companies) filed individual suits for declaratory judgment against defendant-appellant Vermilion Parish School Board (the School Board). Exxon Mobil Corporation also filed a declaratory judgment suit against defendant-appellant Marshall W. Guidry (Guidry). (The School Board and Guidry are hereinafter referred to collectively as the Royalty Owners or the appellants.) These suits were filed in the United States District Court for the Western District of Louisiana pursuant to that court’s diversity jurisdiction and were consolidated below. The Royalty Owners appeal the district court’s grant of partial summary judgment in favor of the Oil Companies. Because we find that there is no appealable order properly before us, we dismiss the appeal.
Facts and Proceedings Below
The Royalty Owners are lessors who have royalty interests pursuant to mineral leases with the Oil Companies. In January 1999, the Royalty Owners sent individual letters to the Oil Companies alleging underpayment of royalties on natural gas liquids production and demanding accounting and payment to Royalty Owners and “all similarly situated royalty owners — all royalty and overriding royalty owners to whom you pay gas royalties in Louisiana.” In July 2000, the Royalty Owners sent similar demand letters alleging underpayment of dry gas royalties.
In February 2000, pursuant to 28 U.S.C. § 2201, the Oil Companies filed their suits seeking declaratory judgment that, inter alia, the natural gas liquids demand letters were not effective under section 137 of the Louisiana Mineral Code to give the required written notice on behalf of the unnamed “similarly situated royalty owners.” The Oil Companies’ complaints were later amended to include the dry gas demand letters. The Oil Companies named only the School Board and Guidry individually as defendants. The Oil Companies did not purport to sue a putative class of “all similarly situated royalty owners” or any other putative class.
The School Board and Guidry each filed an answer on behalf of itself or himself and also a counterclaim “individually and as representative of a class of all others similarly situated” against each of the Oil Companies complaining of underpayment of royalties on natural gas liquids and dry natural gas production. The cases were all consolidated. The record reflects that a motion by the School Board for leave to extend the time to file a motion for class certification was made and granted. So *719 far as the record reflects, no motion for class certification was ever filed and the district court never ruled upon any such motion and never expressly purported to grant or deny class certification.[1]
By order dated and entered January 29, 2001, the district court issued a memorandum ruling and entered partial summary judgment in favor of the Oil Companies. Before the court were cross-motions for partial summary judgment. The district court identified the two issues before it as
“(1) whether the demand letters submitted by the Royalty Owners pursuant to the Louisiana Mineral Code constitute the required written notice for a class of complainants, the ‘putative class’ and (2) whether the contents of the demand letters were adequate or sufficient to put the Oil Companies on notice of the claims of the Royalty Owners individually, as well as the putative class.” Chevron USA Inc. v. Vermillion Parish School Bd., 128 F.Supp.2d 961, 964 (W.D.La.2001).
However, the court only analyzed and only ruled upon the first issue. The district court held that the demand letters were “legally insufficient to serve as written notice on behalf of unnamed royalty owners under article 187 of the Louisiana Mineral Code.” Id. at 968.[2] The court’s judgment granted the motions for partial summary judgment filed by the Oil Companies and denied the cross-motions filed by the Royalty Owners. In the same order, the district court certified its ruling as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Royalty Owners on February 22, 2001 filed their notice of appeal from the January 29, 2001 order and judgment. All the parties expressly agree that the district court’s ruling did not address or resolve the question whether the demand letters were sufficient to give the Oil Companies notice, under section 137 of the Louisiana Mineral Code, of the claims of the Royalty Owners as individuals.
Discussion
The parties assert that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. This court is obliged to examine the basis of its own jurisdiction, sua sponte if necessary. Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir.1985). We do not have jurisdiction to hear this appeal because there is no appealable order properly before us.
The only parties before us are the School Board and Guidry as appellants and the Oil Companies as appellees. Counsel for the appellants do not claim to be in this court as court appointed representatives of any class of similarly situated royalty owners; nor do they claim or purport to be appealing a denial of class certification. The appellants press their argument that the demand letters provided sufficient notice on behalf of the putative class and urge that the district court erred in holding that they were insufficient to provide such notice under the Louisiana Mineral Code. The School Board and Guidry individually lack standing to present this argument. The district court, in the order that it certified pursuant to Rule 54(b), made no ruling that was binding on the appel *720 lants individually. The court did not rule that the demand letters were insufficient as to the appellants ’ claims; it merely ruled that the letters were insufficient as to claims on behalf of a putative class (of royalty owners not named in the letters) that did not include appellants. No putative class was ever certified and none is before us. The district court’s ruling had no effect on the rights of the appellants who are before this court to pursue their individual claims. Nor does the district court’s order affect the rights of appellees vis-a-vis any member of any putative class, because no member of any putative class was before the district court (and none is before this Court) since no class action was certified, and hence no member of any putative class is bound by the judgment.
Arguably, the district court’s order was a de facto denial of class certification (although the parties have not treated it as such, and no motion for class certification was ever filed). But reading the order in that light would not ultimately change our finding of no jurisdiction, even assuming that appellants, as putative class representatives, would have standing to appeal a denial of class certification. A decision denying class certification is interlocutory in nature. Calderon v. Presidio Valley Farmers Ass’n, 868 F.2d 384, 389 (5th Cir.1989). 28 U.S.C. § 1292(b) governs the appealability of interlocutory decisions and parties may not resort to 28 U.S.C. § 1291 and Rule 54(b) to make such a decision appealable. See DeMelo v. Woolsey Marine Industries, Inc., 677 F.2d 1030, 1032 (5th Cir.1982). “Section 1292(b) and Rule 54(b) are mutually exclusive.” Id. (quoting 10 Wright & Miller, Federal Practice and Procedure: Civil §§ 2656, at 43 (1973)).
Federal Rule of Civil Procedure 23(f) also provides for appeal of a denial of class certification.[3] Section 1292(b) provides that, for an interlocutory decision to be appealable, the district court shall “state in writing” that “such order involves a controlling question of law ... and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.” Both Section 1292(b) and Rule 23(f) require that the party seeking appeal of the order make application to the court of appeals within ten days of the entry of the order and that the court of appeals may, in its discretion, grant permission for such appeal. Even if the district court’s purported Rule 54(b) certification satisfies Section 1292(b)’s written statement requirement, neither appellant made application to this court within ten days of the district court’s January 29, 2001 order to appeal any denial of class certification. Nor have we purported to permit any such appeal. Cf. Garonzik v. Shearson Hayden Stone Inc., 574 F.2d 1220 (5th Cir.1978) (per curiam) (“[W]e often refuse to accept an appeal of the denial of class certification, even when, as in this case, the district court certified the issue as controlling under Rule 54(b).”). A denial of class certification is not properly before us.
Conclusion
This court is without jurisdiction because there is no appealable order properly before us. Accordingly, we express no judgment on the substantive merits and DISMISS this appeal.
DISMISSED.

. Nor does the record reflect any notice, or order directing notice, to class members or any designation of the School Board or Gui-dry or anyone else as a class representative.

. Article 137 of the Louisiana Mineral Code, La.R.S. 31:137, enacted in 1974 effective January 1, 1975, provides as follows:

"§ 137. Nonpayment of royalties; notice prerequisite to judicial demand

If a mineral lessor seeks relief for the failure of his lessee to make timely or proper payment of royalties, he must give his lessee written notice of such failure as a prerequisite to a judicial demand for damages or dissolution of the lease.”

. Rule 23(f) states in relevant part: "A court of appeals may in its discretion permit an appeal from an order of the district court granting or denying class action certification under this rule if application is made to it within ten days after the entry of the order.” (emphasis added).