**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 16, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-30231
Summary Calendar

———————————

STEPHEN SAIZAN; RUSSELL HOOGE;
RODOLFO GARCIA,

Plaintiffs-Appellants,

versus

DELTA CONCRETE PRODUCTS
COMPANY INC.; ET AL.,

Defendants,

DELTA CONCRETE PRODUCTS COMPANY INC.,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-598-B

———————————

Before GARWOOD, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Stephen Saizan, Russell Hooge, and Rodolfo Garcia

appeal the district court's rulings on the issue of damages in

their Fair Labor Standards Act suit.  The district court certified

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these rulings as final pursuant to FED. R. CIV. P. 54(b). Although no determination of liability has been made, the parties agree that the determination of this appeal may eliminate the need for a retrial of this case.

The clerk directed the parties to brief the issue of whether the district court's orders were appealable pursuant to FED. R. CIV. P. 54(b). Although the parties failed to meaningfully brief the issue, this court must raise the issue of its appellate jurisdiction *sua sponte* if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

When more than one claim is presented, or when multiple parties are involved, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." FED. R. CIV. P. 54(b). This court review a Rule 54(b) certification for abuse of discretion and it will dismiss the appeal if it determines that the FED. R. CIV. P. 54(b) certification was an abuse of discretion. *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

We conclude that because the district court's rulings, which addressed only damages and did not determine liability, did not dispose of any of the plaintiffs' claims in their entirety. *See*

2

*Monument Mgmt. Ltd. P'ship I v. City of Pearl, Miss.*, 952 F.2d 883, 885 (5th Cir. 1992) (judgment which does not dispose of the entirety of a claim cannot be made appealable by recourse to Rule 54(b)); *Pemberton v. State Farm Mut. Auto. Ins. Co.*, 996 F.2d 789, 791 (5th Cir. 1993) (Fed. R. Civ. P. 54(b) unavailable where judgment determined liability but did not fix amount of damages; correct procedure was to seek appeal pursuant to 28 U.S.C. § 1292(b)); *see also DeMelo v. Woolsey Marine Industries, Inc.*, 667 F.2d 1030, 1033-35 & n.9 (5th Cir. 1982) (discussing differences between FED. R. CIV. P. 54(b) and 28 U.S.C. § 1292(b)).

Because the district court's rulings did not dispose of any claim in its entirety, we conclude that the district court abused its discretion by certifying these issues for appeal pursuant to FED. R. CIV. P. 54(b).[*]  Therefore, the appeal is DISMISSED for lack of jurisdiction.

---

[*]We further note that no application to this court for leave to appeal under 28 U.S.C. § 1292(b) has been filed.  *See also Chevron USA, Inc. v. School Board*, 294 F.3d 716 at 720 (5th Cir. 2002); Fed. R. App. Proc. 5.