# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10612
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2023

Lyle W. Cayce
Clerk

KENRIC LEDBETTER, *Individually and on behalf of all others similarly situated*; ISAAC CARDENAS, *Individually and on behalf of all others similarly situated*; SANTHY INTHALANGSY, *Individually and on behalf of all others similarly situated*; DAVID MARTIN, *Individually and on behalf of all others similarly situated, also known as* ETSUZEN; MIGUEL BYGOYTIA, *Individually and on behalf of all others similarly situated*; JAMES RENFRO, *Individually and on behalf of all others similarly situated*; JUSTIN PANUS, *Individually and on behalf of all others similarly situated*; RICHARD CROSS, *Individually and on behalf of all others similarly situated*; WILLIAM OLIVER, *Individually and on behalf of all others similarly situated*,

*Plaintiffs—Appellants*,

*versus*

RELIGIOUS PRACTICE COMMITTEE, *Individually and in his or her official capacity*; TIMOTHY JONES, *TDCJ Director of Chaplaincy, Individually and in his or her official capacity*; THOMAS BROUWER, *TDCJ Assistant Director of Chaplaincy, Individually and in his or her official capacity*; C. F. HAZELWOOD, *TDCJ Director of Religious Service, Individually and in his or her official capacity*; CHRISTOPHER CARTER, *TDCJ Director of Rehabilitation Program Division, Individually and in his or her official capacity*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:22-CV-191

---

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Ten inmates at the French Robertson Unit of the Texas Department of Criminal Justice filed an action in the United States District Court for the Southern District of Texas complaining of violations of 42 U.S.C. §§ 1983, 2000cc. Because only one plaintiff had paid the filing fee, the court ordered each remaining plaintiff to pay the fee or to submit an application for leave to proceed in forma pauperis ("IFP"). The plaintiffs objected and moved for reconsideration, which was denied. After the case was transferred to the appropriate venue—the Northern District of Texas—the plaintiffs were permitted to file an out-of-time notice of appeal from the filing fee order and from the order denying their motion for reconsideration.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We may hear appeals only from: (1) "final decisions under 28 U.S.C. § 1291"; (2) "interlocutory decisions under 28 U.S.C. § 1292"; (3) "nonfinal judgments certified as final"; or (4) "some other nonfinal order or judgment to which an exception applies." *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999) (internal quotation marks and citations omitted).

Here, the appellants have not applied for IFP status in the district court or in this court, and there has been no final decision in this case. *See*

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

§ 1291. The appellants' failure to comply with the orders by paying the fee or by moving for leave to proceed IFP could result in dismissal of their claims for failure to prosecute, but this has not yet occurred. Moreover, the orders are not among the types of interlocutory orders that are permitted to be appealed by statute. *See* § 1292(a)(1). The district court has not certified in writing that the orders involve a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b). Neither has the district court certified the matter for immediate appeal under Fed. R. Civ. P. 54(b). *See DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1031-32 (5th Cir. 1982) (discussing and comparing § 1292(b) and Rule 54(b)). As we therefore lack jurisdiction, this appeal must be DISMISSED.